**In re WILFERT.**
**No. 24819.**

District Court, W. D. New York.
Jan. 27, 1937.

Eli Roth, of Buffalo, N. Y., for bankrupt.

James McKenna, of Buffalo, N. Y., for objecting-creditor.

KNIGHT, District Judge.

Motion is made for an order confirming the report of the special master recommending that bankrupt be granted a discharge. The special master found all of the objections insufficient as a bar to such discharge.

The second specification alleged that bankrupt concealed from the trustee a cause of action against his wife arising from the trade in of a car owned by bankrupt on the purchase of a new car by his wife. The bankrupt's testimony indicates that at the time the car was traded in he owed nothing on the purchase price of said car. This is further borne out by statements made by bankrupt in a chattel mortgage covering said car executed by him on February 1, 1936, in which he warranted that he was "the true and lawful owner," and had "the right to mortgage, sell and transfer the same, and that the same are free and clear from any and all liens, claims and incumbrances thereon." This chattel mortgage in the amount of $500 was given to a brother-in-law of bankrupt's wife to secure a previous indebtedness of $200 and a loan of $300 claimed to have been made at that time. Fourteen days later the car had a trade in value of $535, as shown by the delivery order of the dealer from whom the new car was purchased under contract of conditional sale. It can be assumed that the value was the same on February 29, 1936, when the new car was delivered. The record does not disclose what disposition

was made of the chattel mortgage when bankrupt turned in the car. Examination of the schedules, filed on April 22, 1936, shows that bankrupt listed an unsecured indebtedness to Laird in the amount of $200. This is no indication of any secured indebtedness, or any indication that an additional $300 was owing to said creditor. It is hardly possible that between the 1st day of February and the 22d day of April the bankrupt forgot about this chattel mortgage or the $300 loan which he says was used to pay his attorney and the city taxes on his real property. The giving of this chattel mortgage, at least to the extent which it covered the pre-existing indebtedness, constituted a preference which was subject to being set aside by the trustee since given less than four months before the filing of the petition in bankruptcy. Thus the old car was worth at least $200 to the bankrupt estate. Had the new car been registered in the name of bankrupt the equity therein would have been retrievable by the trustee. Bankrupt, however, by placing the old car out of his control and possession and having the new car bought by his wife and registered in her name rendered useless the setting aside of the mortgage and made it impossible for the trustee to recover any equity in the new car, thus making it impossible to recover part of his assets for proper distribution among his creditors. It must be found that the transfer was made within one year previous to the filing of the petition and was with intent to hinder, delay, and defraud creditors.

 Since bankrupt failed to disclose to the trustee the fact that he had made this transfer to his wife and had either a cause of action against her or an interest in the car, it must be found that he also concealed property with intent to hinder, delay, and defraud his creditors.

The fourth specification setting forth that bankrupt has made a false oath in the proceedings in that he omitted the above-considered property from his schedules must also be sustained.

The first objection, relating to the failure to keep proper books of account, must be dismissed. The third objection pertaining to transfer and concealment of property consisting of the good will of the business conducted by bankrupt must also be dismissed as I find no proof in the record that there was any good will other than that involving the professional skill of the bankrupt. Further, bankrupt listed in his schedules and claimed as exempt the machinery necessary for the conduct of his business. The trustee had notice of such business and slight investigation would have disclosed whether or not any recovery could be had therefrom for the benefit of creditors.

The knowing and fraudulent concealment by bankrupt from his trustee of any of the property belonging to his estate in bankruptcy or the making of a false oath in, or in relation to any proceeding in bankruptcy are offenses made punishable by imprisonment by section 29b (1) and (2) of the Bankruptcy Act, as amended (title 11 U.S.C. § 52 (b) (1) and (2), 11 U.S.C.A. § 52(b) (1, 2). Under section 14b (1) of the Bankruptcy Act, as amended 11 U.S.C.A. § 32(b) (1), the commission of such offenses furnishes proper grounds for refusing to grant a bankrupt a discharge. Under subsection (4) of section 14b, as amended (11 U.S.C.A. § 32(b) (4), the transfer or concealment of property by bankrupt within one year preceding the filing of the petition with intent to hinder, delay, or defraud creditors likewise furnishes reason for refusing to discharge a bankrupt.

The motion to confirm the report of the special master and the petition of bankrupt for discharge are denied.