## In re ERIC.

District Court, S. D. New York.
Aug. 30, 1938.

Shearman & Sterling, of New York City (Herman E. Compter, of New York City, of counsel), for objecting creditor.

Kleeberg & Greenwald, of New York City (Jacob J. Lesser, Gordon S. P. Kleeberg, and Arthur Leonard Ross, all of New York City, of counsel), for bankrupt.

PATTERSON, District Judge.

The bankrupt asked for discharge. A creditor submitted four specifications in opposition. The second specification charged transfer of property with intent to hinder, delay and defraud creditors. The referee has reported that this specification has been proved.

The transfer in question arose out of the purchase of a Packard automobile. The proof showed that the bankrupt contracted to purchase the automobile in June 1936, some ten months before bankruptcy. The automobile was registered from the outset as belonging to his wife. The purchase price was paid in this manner: a used car of a cheaper make belonging to the wife was turned in for a credit of $600; the bankrupt paid $100 in cash; to cover the balance he signed a number of installment notes for $67.13 each. As the notes matured, the bankrupt paid them by checks on his bank account, his total payments in money amounting to about $800. Of this figure the bankrupt maintained that from $350 to $400 represented moneys turned over to him by his wife. He also testified that it was arranged at the time that the automobile should belong to the wife, since the old automobile turned in was hers and she was to pay part of the new money; that he had agreed to pay the balance out of his own money rather than for her to buy a cheaper car. Both he and his wife characterized the payments made by him as a gift. On examination in supplementary proceedings prior to bankruptcy the

bankrupt had testified that he had paid no part of the purchase price of the automobile. He was insolvent when the automobile was purchased and continued insolvent down to bankruptcy. The referee found that the payments made by the bankrupt toward his wife's acquisition of the automobile were transfers intended to hinder, delay and defraud his creditors as matter of law, in the sense that they were voluntary transfers of property without consideration made by an insolvent debtor. He further found that they were transfers made with actual intent to hinder, delay and defraud creditors. On both grounds he concluded that the specification had been proved and recommended denial of discharge.

■ Much of the argument is directed to the point whether gifts made by a bankrupt while insolvent and within twelve months of bankruptcy necessarily result in denial of discharge. The Bankruptcy Act, in section 14, 11 U.S.C.A. § 32, provides that discharge shall be denied a bankrupt if within twelve months of bankruptcy he has transferred property "with intent to hinder, delay, or defraud his creditors". The objecting creditor's argument is that the words "with intent to hinder, delay, or defraud his creditors" were used in their time-honored sense and were to be taken as covering transfers forbidden by the Statute of 13 Elizabeth. It has long been recognized that the Statute of 13 Elizabeth rendered unlawful two classes of transfers, the first where a debtor makes a transfer with actual intent to defraud creditors, the second where an insolvent debtor makes a voluntary transfer without valuable consideration. In the latter case the intent to defraud is presumed to exist as matter of law. The opinion in Re Julius Bros., 2 Cir., 217 F. 3, L.R.A.1915C, 89, would indicate that the court took this view and that a bankrupt who had made a gift when insolvent and within twelve months of bankruptcy, whatever his actual intent, had transferred property "with intent to hinder, delay, or defraud his creditors" within the meaning of section 14 and should not receive his discharge. But this part of the opinion was no more than a dictum, and in a later case, Feder v. Goetz, 2 Cir., 264 F. 619, the same court leaned to the view that only transfers made with actual intent to defraud creditors were covered in section 14. Here again the discussion was not necessary to the decision. A ruling on the point is not required, however, because the referee found that the transfers by the bankrupt in this case were made with actual intent to defraud his creditors, and I cannot say that this finding was contrary to the weight of evidence.

■ The payments of money by the bankrupt toward the acquisition of an automobile for his wife were gifts made to her, to the same effect as if the payments had been made directly to the wife and by her turned over to the seller of the automobile. The bankrupt received no consideration for these payments. He was insolvent at the time. Some of his creditors were making adjustments with him, but the objecting creditor was pressing for payment. The bankrupt testified in proceedings brought by the objecting creditor for collection of his claim that he had not contributed toward purchase of the automobile. That testimony, undoubtedly false, was regarded by the referee as calculated to conceal from the creditor the transfers of money that had been made and were then being made. I am unable to say that in drawing this inference the referee was plainly mistaken. The second specification will accordingly be sustained.

■ A few words will dispose of the remaining specifications. The first specification was for another transfer, a transfer of $500 shortly before bankruptcy. The referee properly held that on the evidence this transfer was only a preference and that the specification should be dismissed. The third specification charged that the bankrupt had concealed property from his trustee in that he had omitted to list in his schedules his interest in the automobile, and the fourth charged him with making false oath in not listing in his schedules his interest in the automobile. The referee reported that these two specifications had been proved. He relied on In re Wilfert, 19 F.Supp. 307, D.C.N.Y., which lends support to his conclusion. But the point is too tenuous. In the first place the bankrupt did not own an interest in the automobile. And even if these two specifications may be deemed amended to conform with the proof, so as to charge a failure to list a cause of action to recover moneys transferred, the creditor's case is no better. By section 7 of the Act, 11 U.S.C.A. § 25, a bankrupt is under duty to make a schedule of his property, but a cause of action to recover property transferred in fraud of creditors is not property of the bankrupt.

He has no such cause of action. His failure to include it in his schedule of assets is neither a concealment nor a false oath. The third and fourth specifications will be dismissed.

On the second specification the referee's report will be confirmed and an order will be made denying discharge.