## In re LABRIOLA.

### No. 21876.

District Court, D. Connecticut.

Nov. 15, 1943.

Benjamin A. Markman, of Hartford, Conn., for creditor.

Ralph G. Woolfson, of Hartford, Conn., for bankrupt.

Saul Berman, of Hartford, Conn., referee in bankruptcy.

SMITH, District Judge.

The Referee in Bankruptcy, following a hearing on objections to discharge and a rehearing, held on application by the attorney for the bankrupt, ordered the denial of the discharge of the bankrupt.

The objecting creditor, in its amended specifications of discharge, alleged two grounds for the objections—the making of a false oath in the bankruptcy proceedings, and the transfer of property with intent to hinder, delay, or defraud his creditors. Both specifications are based on the claim that bankrupt was the owner of an automobile transferred by the bankrupt to his wife on January 8, 1943, prior to his petition in bankruptcy filed January 21, 1943. The Referee has found that bankrupt was the owner of the automobile, that he failed to list it in his schedule of assets, that he attempted to transfer it without consideration to his wife while he was insolvent, and with the apparent purpose of hindering and delaying creditors, and of making it unnecessary to list the automobile in his schedule as an asset.

The bankrupt contends that there is no evidence that he owned the automobile, that he transferred it, or if he did transfer it, that it was for the purpose of hindering and delaying creditors, since the value of the car was small, since no attempt was made to hide the car, and since most of bankrupt's creditors were also creditors of his wife at the time of transfer.

█ In the absence of manifest error, the Referee's finding of facts will not be disturbed, particularly in view of the opportunity of the Referee in the hearings to observe the witnesses and evaluate the testimony at first hand. 2 Collier on Bankruptcy, 14th Edition 1940, 1498.

█ Here there was evidence before the Referee that bankrupt used the car to go to and from work, that his wife was unable to drive, and that the actual transaction of the purchase was carried out by the bankrupt himself and the bill of sale originally made out in the name of the bankrupt and the report of the seller to the Motor Vehicle Department named the bankrupt as purchaser. There is no dispute as to the registration of the car in the name of the bankrupt's wife by the bankrupt on January 8, 1943, nor that the bankrupt was then insolvent. The fact that most of the creditors of the bankrupt were also creditors of the wife did not necessarily indicate that there was no intent to delay or hinder creditors by the transfer to the wife and the consequent placing of the car out of reach of the Trustee. The Referee was not bound to accept the unsupported explanation of the bankrupt of this state of facts. Indeed, it is difficult to see how he could have accepted bankrupt's explanation in view of the failure of the bankrupt to produce other evidence concerning his purchase readily available through the production of the seller of the car.

The Referee's finding of facts is not clearly erroneous in any item and must, therefore, stand. The petition for review is denied, and the order denying discharge is affirmed.