## In re CASEY.
### No. 42737.

District Court, E. D. New York.

May 22, 1944.

352

Freda Rosenblum, of White Plains, N. Y., Trustee in Bankruptcy, for motion.

Lind & Marks, of New York City (Isidore Meyer, of New York City, of counsel), for bankrupt, opposed.

BYERS, District Judge.

Hearing on Trustee's application to review a referee's order granting discharge. The bankruptcy proceeding has for its object discharge from a judgment recovered against the bankrupt in a personal injury suit in which recovery was had of a verdict in excess of $15,000.00 in an automobile accident case.

Four specifications of objection are urged for consideration here, but the last is clearly untenable in view of the evidence before the referee.

The first three have to do with a piano purchased by the bankrupt upon a conditional bill of sale on December 6, 1941, under the terms of which title was retained in the seller pending receipt of the purchase price ($297.95) in full.

The payment on account was $29.95, and $280.06 (including service charge of $12.06) was payable in 18 monthly sums of $15.56.

The petition and schedules were filed about April 23, 1942, following recovery of the said judgment about April 10, 1942.

The schedules showed the balance due on the piano to be $217.82, and the creditor, Gimbel Bros., was listed for that amount as on open account, not as a secured creditor.

The piano was not listed as an asset, because, according to the bankrupt's testimony, he had given it to his wife and daughter as a Christmas present, immediately after the purchase.

It will be seen that his equity at the time the petition was filed, had there been no gift, would have amounted to about $90.00.

The first specification is that there was a false oath by reason of the omission of the piano from the schedules, which was a valuable asset belonging to the bankrupt estate.

The second specification is that the pretended transfer was within twelve months prior to the petition, while the bankrupt was insolvent, with intent to hinder, delay and defraud creditors.

The third specification is of fraudulent concealment with the same purpose.

The referee dismissed all of the foregoing, because of the lack of legal title to the piano according to the terms of the contract, and for failure of proof of insolvency at the time of the transfer to the bankrupt's wife and daughter.

I do not think that the mere terms of the contract, standing alone, dispose of the controversy. The facts would have to be brought to light to ascertain whether there was indeed a fraudulent transfer being concealed under the cover of a transaction bearing apparent legal validity. See among other cases: In re Eric, D.C., 25 F.Supp. 211; In re Labriola, D.C., 53 F. Supp. 74; Matter of Peters, D.C., 39 F. Supp. 38.

The trouble with the decision of the referee is that it contains no specific findings as to material facts. If the bankrupt did not transfer this piano to his wife and daughter in December of 1941, then he had an equity in it, which should have been listed among his assets. If he did transfer it, then the fact of transfer, i.e., date, medium, etc., should be capable of proof, and made the basis of a finding.

With reference to the second specification, there should be a finding of insolvency, or the contrary, not a mere statement that "he was, apparently, not insolvent * * *".

Finally there should be a finding as to whether, according to the evidence, the transfer, if there was one, within twelve months immediately preceding the filing of the petition in bankruptcy, was with the intent specified in Section 14, paragraph c, of the Bankruptcy Act, 11 U.S.C.A. § 32, sub. c, which is the portion of the statute to which the second specification is addressed.

The proceedings will be remitted to the referee with the direction that, if need be, he take further testimony, and that he make specific findings as above indicated, and embody the same in a supplemental decision.