**In re DE CILLIS.**

No. 68235.

United States District Court
D. Massachusetts.

March 29, 1949.

Abraham Wasserman, of Boston, Mass., for bankrupt.

FORD, District Judge.

On November 16, 1937 this bankrupt filed a voluntary petition in bankruptcy. He was adjudicated a bankrupt on the same day. On December 16, 1938 the bankrupt filed a petition for discharge. It was be-

yond the twelve-month period provided by Section 14 sub. a of the Bankruptcy Act, 11 U.S.C.A. § 32, sub. a, as it then read, but the court allowed it to be filed on the ground the bankrupt was unavoidably prevented from filing the application within the statutory period. No objections to the discharge were filed, but for some unexplainable reason the discharge was never granted.

On April 15, 1943 this bankrupt filed another voluntary petition and on that date he was adjudicated a bankrupt. The creditors in this petition were separate and distinct from those named in the petition of November 16, 1937 and the debts reflected were incurred subsequent to the filing of the first petition.

Before the time fixed by the court (April 29, 1944) under the provisions of Section 14, sub. b of the Act for the filing of objections to the bankrupt's discharge on the petition of April 15, 1943, the trustee in bankruptcy objected to the bankrupt's discharge and specified (General Order 32, 11 U.S.C.A. following section 53) as the single ground therefor that the bankrupt "has failed to explain satisfactorily any losses of assets or deficiency of assets to meet his liabilities". This language follows the language of the statute Sec. 14, sub. c(7).

During the hearing on the objections to the discharge, the trustee in bankruptcy raised the issue that the bankrupt had within six years prior to bankruptcy been granted a discharge. Sec. 14, sub. c(5). The referee took the position that "while the records do not disclose why a discharge was not granted in the first proceeding, (petition of November 16, 1937) nevertheless it is quite apparent that if such discharge had been granted the bankrupt would not be entitled to a discharge in the present proceeding." The referee went on to say that he was of the opinion "the very purpose of Section 14, sub. c(5) was to prevent a bankrupt from receiving a discharge on debts contracted within six years after previous bankruptcy proceedings."

The referee's interpretation of Section 14, sub. c(5) does not seem to this court to be correct. What that section says in terms is that the court shall grant a discharge unless satisfied that the bankrupt has within six years prior to bankruptcy been granted a discharge. It is the granting of the discharge within the six years that interposes the bar to a later discharge; it is not the mere fact the bankrupt has filed a petition within six years. See Remington on Bankruptcy, 5th Ed., Vol. 7, Sec. 3346–7 where it is stated that "It is the previous granting of a discharge that constitutes the bar, not the previous refusal of it."

The order of the referee denying the bankrupt's discharge in the present bankruptcy proceedings on the ground he has been granted a discharge within six years prior to his present bankruptcy is rejected.

It has already been stated that the ground upon which the referee denied the discharge was not specified in the objection to the discharge. General Order in Bankruptcy 32, 11 U.S.C.A., following Section 53, states: "Any person opposing a discharge shall, on or before the time fixed for the filing of objections to the discharge, file a specification in writing of the grounds of his opposition." It seems to be well settled that new and additional grounds of objections may not be added to specifications after the time fixed in the order for filing specifications has expired. The reason for this is that to allow new grounds to be alleged would have the effect of extending the time for filing objections. The rule states the objections shall be filed before the time fixed. There was no extension of time granted by the court in this case for filing objections. Consequently, the ground upon which the referee denied the discharge was improperly considered and the referee could not deny the discharge on this unalleged specification. Northeastern Real Estate Securities Corp. v. Goldstein, 2 Cir., 91 F.2d 942; In re Hurowitz, D.C., 14 F.Supp. 7[1]: Collier on Bankruptcy, Vol. I, p. 1276.

Furthermore, a hearing with respect to an application for a discharge is restricted to the specifications set forth in the specification of grounds of objection

to the discharge, or as these are amended or enlarged by proof at the trial. The hearing on this bankrupt's discharge was not so restricted. The referee went outside the grounds alleged upon which to predicate his denial of discharge. Objections not specified should not have been considered by the referee. In re Scheffler, 2 Cir., 68 F.2d 902, 903; Collier Vol. 1, p. 1281 and cases. The referee could not deny a discharge upon a ground not specified in the objections. In re Little, 2 Cir., 65 F.2d 777, 778.

The specification originally alleged in the trustee's objection to the discharge was not, as far as I can determine, considered by the referee. The specification referred to is as follows: "That the Bankrupt has failed to explain satisfactorily any losses of assets and deficiencies of assets to meet his liabilities." This is a charge in the words of the statute Sec. 14, sub. c(7). It alleges no specific facts. Averments in the objection should be more specific than the general language of the statute. In re Tumen, D.C., 58 F. Supp. 210, affirmed, 3 Cir., 146 F.2d 268; Collier on Bankruptcy, Vol. 1, p. 1272, and cases, However, nowhere in the record can I find that any exception was filed to the specification. If no exception had been filed and there was hearing on the merits, any defect in the form of the specification would be deemed to be waived. In re Peters, D.C., 39 F.Supp. 38; In re Ulrich, D.C., 18 F.Supp. 919, affirmed, 2 Cir., 95 F. 2d 1018; Collier on Bankruptcy, Vol. 1, p. 1278. As far as I can determine from the referee's certificate and order, there has not been any hearing on the merits of the specification alleged by the trustee in opposing the discharge. For this reason, the matter will have to be referred back to the referee for him to take appropriate action with respect to the specification alleged and not heard.

Obviously, if the bankrupt is allowed now to take exception to the specification alleged and no amendment is allowed, see In re Black & White Cab Co., D.C., 35 F. Supp. 832, 833; In re Metcalf, D.C., 48 F.Supp. 405; General Order 32; Rule 15, Federal Rules Civil Procedure, 28 U.S.

C.A., the bankrupt should have his discharge.

Order denying the discharge is recommitted for further proceedings in conformity with this opinion.