**In the Matter of Robert V. BEAM, Bankrupt.**
**No. 9504.**

United States District Court
N. D. Alabama, M. D.
June 11, 1958.

W. L. Longshore, U. S. Atty., and Fred S. Weaver, Asst. U. S. Atty., Birmingham, Ala., for petitioner.

McCord & Martin, Gadsden, Ala., for bankrupt.

GROOMS, District Judge.

This cause, coming on for review, was submitted to the Court upon the proceedings had before the Referee and upon his Findings of Fact and Conclusions of Law dated March 10, 1958.

The petitioner, United States of America, filed specifications of objections to the granting of a discharge to the bankrupt and from an adverse ruling on said petition, the United States seeks a review. The Government based its petition for denial of the discharge on three grounds: (1) That the bankrupt had falsified records; (2) that the bankrupt had knowingly and willfully concealed assets; and (3) that the bankrupt had knowingly and willfully permitted assets to be concealed. These grounds were alleged generally with no particulars being averred. ·

▉▉▉ It was early held in In re Hirsch, D.C.1899, 96 F. 468, that allegations of fraudulent concealment must be averred with particularity. The Hirsch case is confirmed in Title 11 U.S.C.A. following section 53, General Order 32, Note 5, citing In re Tumen, D.C.N.J. 1944, 58 F.Supp. 210, affirmed 3 Cir., 146 F.2d 268. As stated in Collier on Bankruptcy, 14th Ed. § 14.08, the bankrupt may respond to objections to discharge by denying their allegations or by questioning their legal sufficiency. However, objections to the form of specifications are waived unless made before a hearing on the merits. In re DeCillis, D.C., 83 F.Supp. 802; In re Peters, D.C., 39 F. Supp. 38; In re Ulrich, D.C., 18 F.Supp. 919; 95 F.2d 1018. The Court is, therefore, of the opinion that after submitting to a hearing on the merits, the bankrupt waived objections to the form of the specifications.

The Court is next confronted with the Findings of the Referee that:

"He finds no evidence from the case file nor from the testimony and exhibits offered at the hearing that the bankrupt has 'within twelve (12) months immediately preceding the filing of the petition in bankruptcy' knowingly and wilfully concealed or permitted to be concealed any property owned by said bankrupt with the intent to hinder, delay or defaud his creditors."

▉▉▉ Granting to the Referee's findings the presumption of validity entitled to him as a trier of facts, Rule 53(e) (2) of the Federal Rules of Civil Procedure, 28 U.S.C.A., 8 Remington on Bankruptcy, 6th Ed., § 3418, the Court is unable to conclude that there was no evidence of a fraudulent concealment. The evidence shows that in 1949 the bankrupt received correspondence concerning a debt owed to the petitioner, and on April 26, 1950, he conveyed an undivided one-half interest in his homestead to his wife for a consideration of $1 and love and affection. This property was not listed by the bankrupt in his Schedule B.

Presented with this state of facts, the questions are whether: (1) the bankrupt had an interest in the realty that required him to list the property; (2) the conveyance must have been within twelve months of bankruptcy; (3) if there be a duty to list the property, what presumption arises from his failure to so list same; and whether (4) the bankrupt may then claim his personal exemptions as to homestead and real property from property not originally scheduled.

▉▉▉ To determine whether the bankrupt had a sufficient interest in the property to require a listing of said property, the law of Alabama must be applied. In Shaffield v. Shaffield, 250 Ala. 381, 34 So.2d 591, 592, it was stated:

"* * * the execution and delivery of a deed by a husband to a wife, on a recited consideration of $1 and love and affection, is a voluntary conveyance, supported by a good, rather than a valuable, consideration. And is, therefore, void on its face against existing creditors of the grantor."

The failure to list property in which the bankrupt has an equitable interest creates a presumption that the transfer is fraudulent, and the burden is shifted to the bankrupt to prove that the omission was innocent. In re Merritt, 9 Cir., 28 F.2d 679; Farmers Savings Bank v. Anton, 8 Cir., 1 F.2d 103.

In the Hirsch case, supra, it was stated that the failure to list was some evidence of a fraudulent concealment. The fact that the transfer occurred more than 12 months before bankruptcy is not itself controlling, as the concealment may have continued within 12 months. Remington on Bankruptcy, 6th Ed., Vol. 7, § 3071; Duggins v. Heffron, 9 Cir., 128 F. 2d 546. The fact that the transfer was recorded is material on the issue of fraudulent transfer; however, the status of the record title is not necessarily determinative of the equitable title to property. Remington on Bankruptcy, 6th Ed., Vol. 7, § 3091; In re Walter, D.C., 67 F.Supp. 925.

The allowance of exemption of property that has been fraudulently concealed has been limited since the enactment of the 1938 Amendment to Section 6 of the Bankruptcy Act, 11 U.S.C.A. § 24. This Amendment provides that no exemption allowance "shall be made out of the property which a bankrupt transferred or concealed and which is recovered or the transfer of which is avoided under this Act for the benefit of the estate." Hyman v. Stern, 4 Cir., 43 F.2d 666.

Thus if the transfer is found to be fraudulent and thus void, the bankrupt would be precluded from claiming exemption as to this particular property.

The Court does not believe the assessed valuation should be the sole criterion of the value of the property in question. Tax assessors' records have long been regarded with suspicion in Alabama because of their notoriety for undervaluations. Birmingham Mineral R. Co. v. Smith, 89 Ala. 305, 7 So. 634; Wigmore on Evidence, 3rd Ed., § 1640. In some instances they have been excluded from evidence.

A bankruptcy proceeding has long been held equitable in nature, and the maxim of clean hands in applicable. If the bankrupt is guilty of fraudulent concealment, he should be denied a discharge. Stewart v. Ganey, 5 Cir., 116 F. 2d 1010.

The Court is of the opinion that this case should be remanded to the Referee in Bankruptcy for further proceedings consistent herewith. Accordingly, the petition for review is granted.