In the Matter of William DAVIS, Bankrupt-Appellant,

Collins & Aikman Corp., Objecting Creditor-Appellee.

No. 188, Docket 32693.

United States Court of Appeals Second Circuit.

Argued Nov. 19, 1968.

Decided Nov. 21, 1968.

Isidore E. Leinwand, New York City (Leinwand, Maron & Hendler, New York City, on the brief), for appellant.

John M. Burns III, New York City (Hughes, Hubbard, Blair & Reed, New York City, on the brief), for appellee.

Before KAUFMAN and ANDERSON, Circuit Judges, and TENNEY, District Judge.

PER CURIAM:

The bankrupt, William Davis, appeals from a denial by the District Court for the Eastern District of New York of his petition to review an order by Referee William J. Rudin refusing to discharge the bankrupt. The District Court accepted the Referee's conclusion of law that Davis had fraudulently concealed an interest in a house at 19 Harriet Drive, Syosset, New York with the intent to hinder, delay and defraud his creditors in violation of 11 U.S.C. § 32.

The home in question was purchased in the names of Davis, his wife Zelma, and his father-in-law, Joseph Nenner in 1957 for $19,990. By a deed dated April 2, 1962 Davis transferred his interest in the property to Zelma and Nenner; there was no consideration for this transfer. Davis has lived in the house with his family, as well as with Mr. and Mrs. Nenner, since the date it was purchased.

Davis filed a voluntary petition in bankruptcy in November 1966, and was adjudged a bankrupt at that time. In due course, an objecting creditor, Collins and Aikman Corporation, filed specifications opposing a discharge on the ground, *inter alia*, that Davis' verified summary of debts and assets failed to disclose his interest in the Syosset home. Davis contends that he was not required to include the house in the summary because he had divested himself of any interest in the property by the 1962 deed to Zelma and Nenner, four years before he filed his petition for bankruptcy.

Referee Rudin found that Davis retained an interest in the house. There is ample evidence to support the Referee's conclusion. He relied primarily on the numerous written statements by Davis, made after 1962 in which he declared. that he still owned an interest in the home. Thus, on or about October 31, 1963, in a financial statement to the Small Business Administration, signed by Davis, he listed himself as a co-owner of the house. In another application to the same agency dated December 12, 1963 signed by Davis in behalf of Rozel Toy Co. Inc. (of which Davis was President), the house at 19 Harriet Drive was listed as at least in part being owned by Davis and valued at $30,000. In an application for a personal loan to the First National City Bank, filed on or about March 1, 1963, Davis again indicated that he had an interest in the house. Sometime in 1964, Davis desired to refinance the first mortgage on his home held by the Dime Savings Bank, and stated once again in writing to the bank that he, Zelma, and Nenner were the owners of the structure. And, in 1964, Davis requested a home improvement loan from the Federal Housing Administration; the application, signed by Davis and his wife, listed the owners of the house as "both."

Moreover, all payments for the maintenance of the house were made by Zelma Davis from substantial sums of mon-

ey almost equaling Mr. Davis' weekly salary which he turned over to her each week. (Nenner also contributed a weekly stipend toward the upkeep of the household.) This is some evidence that Davis considered the home his own and retained at least a beneficial interest in it. See In re Walter, 67 F.Supp. 925 (S.D.C.N.Y.1946). On this, as on all questions of fact, we accept the finding of the Referee since we do not consider his findings "clearly erroneous." In re Gibraltor Amusement Ltd., 291 F.2d 22, 24 (2d Cir.1961), cert. denied 368 U.S. 925, 82 S.Ct. 360, 7 L.Ed.2d 190.

In sum, we are not persuaded that Davis has sustained the burden of rebutting the objecting creditor's prima facie case on this issue. See 1 Collier, Bankruptcy, § 14.12 (14th ed.1967). Davis' failure to schedule his interest in the house constitutes a concealment under § 14(c) (1) of the Bankruptcy Act, 11 U.S.C. § 32(c) (1). Duggins v. Heffron, 128 F.2d 546 (9th Cir.1942). Accordingly we affirm the denial of the discharge.