**700**

## In the Matter of ELMWOOD FARM, INC., Debtor.

### No. 81 Civ. 7830(CES).

United States District Court,
S. D. New York.

Feb. 19, 1982.

---

## MEMORANDUM DECISION

STEWART, District Judge:

The Official Secured Creditors' Committee ("OSCC") appeals from a decision and order of the Bankruptcy Court allocating the purchase price of debtor's property among secured and unsecured claims. We must accept the factual findings of the court unless they are clearly erroneous. *In re Lurie,* 385 F.Supp. 784, 786 (E.D.N.Y. 1974) (*citing In re Davis,* 404 F.2d 312, 314 (2d Cir. 1968)).

The record reveals a dispute between the OSCC and the Trustee concerning both the value and allocation of the purchase price of Elmwood Farm. The 93.3 acre farm was partially developed for use as a riding stable. The improvements on the property included a five bedroom house, built around 1790 and renovated in the 1970's, and a 100 foot by 230 foot indoor riding ring, which cost $500,000 to construct. These improvements were concentrated on the western portion of the east-west oriented property and Elmwood Farm Road cut across the property just within its western edge. Approximately five acres of the property were in Connecticut (the eastern most portion) and the remainder was in New York. The initial asking price for the whole property was $1.6 million. No prospective purchaser ever approached that price. A first attempt to auction 80 acres of the property brought a bid of $225,000. OSCC alleges that bids of $120,000 and $150,000 were received for the house. These bids were rejected as unreasonably low. Ultimately, the trustee sold 86 of the 93.3 acres at auction for $543,000. As the trustee's title search showed no mortgages on the 5 acre parcel in Connecticut while the New York land was encumbered, the $543,000 purchase price had to be allocated among the secured creditors and unsecured creditors. The land in Connecticut was appraised at $10,000 per acre on the basis of its potential use for a private dwelling.

OSCC contests the appraisal. OSCC notes that the average price per acre over the total 86 acres sold was $6,314.14. It contends, moreover, the improvements on the New York lands render those acres relatively more valuable than the Connecticut property. OSCC urges that the improvements should be valued at either $460,000 (with the New York and Connecticut lands uniformly valued at slightly less than $1,000/acre) or $270,000 (and the land at $3,174 per acre). As a further reason why the Connecticut lands should be relatively devalued in the allocation, OSCC also points out that the Connecticut acreage is far less accessible from Elmwood Road (on the New York or western side of the property), and that "there is no access from any other road, which is as good as that from Elmwood Road".

The court adopted the appraisal's $10,000 per acre figure, allocating $50,000 of the

$543,000 sale price to the 5 acre parcel in Connecticut. Judge Schwartzberg's decision noted both the improvements on the New York side and the development potential of the Connecticut property. He specifically ruled that the 5 acres were accessible to a main road and adjacent to very valuable, already developed residential property. These factual determinations, which are amply supported on the record, diminish the inherent appeal of OSCC's position. The facts indicate that the least valuable acreage might be the bulk of the New York parcel which is essentially inaccessible from either New York or Connecticut roads. It is thus plausible that the smaller undeveloped Connecticut acreage is more valuable for its best use on average than the larger New York parcel with its huge riding ring and outbuildings for its best use. The court's valuation of the Connecticut property is not "clearly erroneous".

The appeal is denied and the case is dismissed.

SO ORDERED.