In re Norman SCHULTZ, Debtor.

Howard P. Essenfeld, Plaintiff–
Appellant,

v.

Norman Schultz, Defendant–Appellee.

No. CV 98–5743.

United States District Court,
E.D. New York.

Aug. 11, 1999.

Frank G. Spina, Hauppauge, New York, for plaintiff-appellant Howard P. Essenfeld.

Fischoff & Associates, Garden City, New York, by Gary C. Fischoff, of counsel, for defendant-appellee Norman Schultz.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

This is an appeal from a final Order and Judgment dated August 19, 1998 of United States Bankruptcy Judge Francis G. Conrad, which, at the conclusion of the plaintiff's case-in-chief, granted a directed verdict in favor of the defendant-debtor dismissing the plaintiff's adversary proceeding in its entirety. The plaintiff's complaint sought to bar the debtor's discharge under 11 U.S.C. §§ 727(a)(2) and (a)(4) and 11 U.S.C. §§ 523(a)(2)(A), (a)(4) and (a)(6).

## I. BACKGROUND

Unless otherwise stated, the following facts are not in dispute. Norman Schultz ("Schultz" or the "debtor") and Howard P. Essenfeld ("Essenfeld" or the "plaintiff") were partners in the accounting firm of Essenfeld, Schultz & Co., CPA. The partnership was formed by an oral agreement in 1986. In late 1996, the partnership was dissolved. After dissolution, Schultz and Essenfeld continued to service their respective clients.

On June 27, 1997, Schultz filed a petition under Chapter 7 of Title 11 of the United States Code. On October 8, 1997, Essenfeld filed an adversary proceeding in the United States Bankruptcy Court, Eastern District of New York, objecting to the discharge of the debtor. The adversary proceeding asserted nine separate causes of action seeking to prevent the dischargeability of certain debts owed to the plaintiff by the debtor. As stated above, at the conclusion of the plaintiff's case-in-chief, Judge Conrad dismissed the complaint in its entirety.

On August 19, 1998, the plaintiff filed a notice of appeal, and on September 11, 1998, he filed a statement of issues on appeal and designation of record on appeal pursuant to Rule 8006 of the Federal Rules of Bankruptcy Procedure. The plaintiff designated the following issues for appeal:

1. Did the Bankruptcy Court err in reaching the conclusion that the plaintiff failed to sustain his burden of proof necessary to deny the debtor a discharge under 11 U.S.C. §§ 727(a)(2)(A) and 727(a)(4)(A) when the evidence showed that the debtor listed property located [at] 92 Plainview Road, Woodbury, New York on numerous loan applications and claimed he held an interest in the property, and he paid much of the expenses on the property, yet he deliberately failed to list the property as an asset on his schedules?

2. Did the Bankruptcy Court err in reaching the conclusion that the plaintiff failed to sustain his burden of proof necessary to deny the debtor a discharge under 11 U.S.C. §§ 727(a)(2)(A) and 727(a)(4)(A) when the evidence showed that the debtor deliberately failed to list the value of his partnership interest in his accounting practice in his schedules?

3. Did the Bankruptcy Court err in reaching the conclusion that the plaintiff failed to sustain his burden of proof necessary to deny the debtor a discharge under 11 U.S.C. §§ 727(a)(2)(A) and 727(a)(4)(A) when the evidence showed that the debtor deliberately

failed to list the value of his interest in a lawsuit entitled *Norman Schultz, et al. v. Alan R. Doyle and Compuwash,* even though the debtor personally verified the complaint in that action, knew of the existence of the suit, and had no reasonable basis to believe the suit had been terminated?

4. Did the Bankruptcy Court err in reaching the conclusion that the plaintiff failed to sustain his burden of proof necessary to deny the debtor a discharge under 11 U.S.C. § 727 when the evidence showed the existence of a pattern of concealment of assets?

5. Did the Bankruptcy Court err in reaching the conclusion that the plaintiff failed to sustain his burden of proof necessary to deny the debtor a discharge of his debts to the plaintiff pursuant to 11 U.S.C. §§ 523(a)(6) and 523(a)(4) when the evidence showed that the debtor stole accounts receivable from the partnership he maintained with the plaintiff-appellant?

## II. DISCUSSION

### A. *Standard of Review*

A district court hearing an appeal from a Bankruptcy Court reviews the Bankruptcy Court's findings of fact under the "clearly erroneous" standard, *see* Fed. R.Bankr.P. 8013, while its conclusions of law are reviewed under the *de novo* standard. *See In re AroChem Corp.,* 176 F.3d 610, 620 (2d Cir.1999) (holding that "we review the bankruptcy court decision independently, accepting its factual findings unless clearly erroneous but reviewing its conclusions of law de novo.") (citation omitted); *In re Bennett Funding Group, Inc.,* 146 F.3d 136, 137 (2d Cir.1998) (same) (citations omitted); *See also In re Porges,* 44 F.3d 159, 162 (2d Cir.1995) (same) (citations omitted).

Judge Conrad's decision dismissing the plaintiff's complaint in its entirety was the equivalent of a judgment on partial findings under Fed.R.Civ.P. 52, made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7052. In pertinent part, Rule 52(c) states that:

> If during a trial without a jury a party has been fully heard on an issue and the court finds against the party on that issue, the court may enter judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue....

The Advisory Committee Notes add that, "[a] judgment on partial findings is made after the court has heard all the evidence bearing on the crucial issue of fact, and the finding is reversible only if the appellate court finds it to be 'clearly erroneous.'"

It is within this framework that this Court addresses the present bankruptcy appeal.

### B. *The Property Located at 92 Plainview Road*

The plaintiff contends that Judge Conrad committed reversible error when he reached the conclusion, after hearing the plaintiff's case-in-chief, that the debtor was entitled to a bankruptcy discharge despite his failure to list the property located at 92 Plainview Road, Woodbury, New York.

11 U.S.C. § 727(a)(2)(A) states:

> The court shall grant the debtor a discharge, unless—

> (2) the debtor, with intent to hinder, delay or defraud a creditor or an officer of the estate charged with custody of property under this title ... has transferred, removed, destroyed, mutilated, or concealed—

> (A) property of the debtor, within one year before the date of the filing of the petition.

11 U.S.C. § 727(a)(4)(a) states:

> The court shall grant the debtor a discharge, unless—

> the debtor knowingly and fraudulently, in or in connection with the case—

(A) made a false oath or account.

In his Bankruptcy petition, Schultz failed to list any interest in the real property located at 92 Plainview Road. Schedule A of his petition, which is the part where Schultz was required tó list all of his real property, states "none." This petition was verified under penalty of perjury. The only issue for the Court's resolution, therefore, is whether the Bankruptcy Court erred when it held that Schultz's failure to list the property did not amount to a violation of either Sections 727(a)(2)(A) or 727(a)(4)(A). The basis for this decision was that the property did not amount to an "equitable interest" that required the debtor to list it in his petition.

The debtor lived at 92 Plainview Road for 14 years and at the time of the filing of the petition, he lived there with his wife and one of his children. Title to the house was originally in the name of his mother-in-law. By deed dated June 7, 1993, his mother-in-law transferred title to herself, her husband and her daughter, the debtor's wife, as joint tenants. The debtor's wife received a ten percent interest in the property. However, Schultz paid the real estate taxes associated with the home. In addition, in a credit application verified to Chase Bank in October 1996, under the penalty of perjury, the debtor listed $480,-000 in real estate as an asset. Moreover, the debtor listed the same information in a financial statement to the Bank of Smithtown in September 1996 in conjunction with a loan application. On the application to the Bank of Smithtown, the debtor stated that he owned the home at 92 Plainview Road.

Judge Conrad concluded that:

Now, the sixth count, about the equitable interest in the Woodbury property, that also fails, and I think I have to state on the record very, very clearly why this court finds that the debtor does not have an equitable interest in the Woodbury property. . . . From the evidence that . . . was presented to me, it is clear that [the debtor's] wife, spouse is probably not capable of paying the taxes. However, it is also the flip side of it is that people enter into whatever sharing arrangements they wish to in modern day marriage contracts. . . . The arrangement that I see here, and I can infer into the evidence, is that you have some people that were living together, they got married, her parents—I refer to them as the in-laws—gave her an interest, but I note very carefully that they did not give the debtor an interest, and I don't know what his other circumstances were. . . . [W]hat is really telling here is that the in-laws . . . didn't give him an interest in the property, and they could have. On the other hand, you just don't live in a house for free, nobody does that. . . . In this particular case, it is clear that Mr. Schultz has earning capacity and that he should pay what his expenses are. That does not give him an equitable interest in the house, and it wouldn't be any different if he were living in an apartment; would that claim if he shared expenses that he would have an equitable interest in the apartment? I don't think so. On top of it, it's . . . tenuous to say that someone who moved in a house in 1984, of which he has never had an interest in, is going to have an equitable interest.

■■■ The Court agrees with Judge Conrad's decision with regard to the property at 92 Plainview Road. While the debtor's actions surrounding the credit application to Chase Bank and the financial statement to the Bank of Smithtown may justify criminal proceeding and/or civil liability on the part of the debtor, the Court is of the view that Judge Conrad properly concluded that the debtor had no legal or equitable interest in the property located at 92 Plainview Road. The Second Circuit cases which the plaintiff relies, including *In the Matter of Davis*, 404 F.2d 312 (2d Cir. 1968) and *In re Vecchione*, 407 F.Supp. 609 (E.D.N.Y.1976) are inapposite as they both involve situations where the debtor originally owned a legal interest in the relevant

property and thereafter transferred title in order to circumvent the bankruptcy implications. The uncontroverted facts indicate that Schultz did not pay the mortgage or any part of the down payment on the property at issue. While Schultz did make real estate tax payments, this alone, does not amount to an equitable interest. As Judge Conrad properly concluded, it appears that rather than making payments of rent, Schultz was paying his share in return for the opportunity to live in a home owned by his in-laws. Therefore, the Court affirms the decision of Judge Conrad dismissing the causes of action which seek to prevent the debtor from a bankruptcy discharge due to his purported interest in the property located at 92 Plainview Road.

C. *The Interest in the Lawsuit Norman Schultz, et al. v. Alan R. Doyle and Compuwash*

At the time Schultz and Essenfeld were partners, in exchange for an interest in a company named Compuwash, they loaned money to Alan Doyle. When Doyle failed to repay the loan, Schultz and Essenfeld initiated a law suit against Doyle and Compuwash in the Supreme Court of the State of New York, Suffolk County. Schultz verified the complaint in the Supreme Court before a notary public on October 17, 1994. Eventually, the lawsuit resulted in a judgment against Doyle and Compuwash in the sum of $128,000. Notwithstanding the obtaining of this judgment, the debtor failed to list the value of his interest in the lawsuit in his bankruptcy petition. As a result, the plaintiff claims that the debtor should have been barred from a discharge as he was in violation of 11 U.S.C. §§ 727(a)(2)(A) and 727(a)(4)(A).

With regard to this allegation, Judge Conrad held that:

> The next count ... is a relatively easy count to dismiss.... [T]he undisputed testimony is as follows: [The judgment] was not listed in the petition, that's clear. Number two, it was amended immediately after he heard the deposition of Mr. Essenfeld, not his own deposition, but Mr. Essenfeld's deposition, and then informed the Trustee of the existence of a possible asset. And my understanding from when this complaint was filed, that complaint had—that judgment had no value at that time, although it has now, according to the testimony of Mr. Essenfeld, been reduced to a judgment of $128,000. However, the testimony is clear that Mr. Schultz knew about it, apparently forgot about it, and listening to him, I'm not even so sure that he understood which way the case was going.... Mr. Schultz did not have an intent or reckless indifference, he just simply believed it wasn't worth anything, and the fact that he voluntarily amended his petition ... says to me that he probably didn't understand that you have to put down even worthless assets.

█ The Court agrees with Judge Conrad's findings and will not interfere with his factual determination that the debtor lacked the requisite fraudulent intent. Significantly, the Court notes, that immediately after the deposition of Essenfeld, Schultz voluntary amended his petition to include the judgment. Judge Conrad's findings of fact were based on Schultz's credibility, his demeanor and a factual finding as to his state of mind. As the judge hearing the testimony and viewing the witness, Judge Conrad was clearly in the best position to make this type of decision and this Court will not interfere with Judge Conrad's factual conclusions. As such, the Court affirms the decision of Judge Conrad dismissing the causes of action which seek to prevent the debtor from a bankruptcy discharge based on the judgment resulting in the lawsuit entitled *Norman Schultz, et al. v. Doyle and Compuwash.*

D. *The Debtor's Interest in the Partnership*

Judge Conrad also granted the debtor's motion for a directed verdict on the plain-

tiff's claim which alleged that the debtor failed to properly list his interest in the partnership, Essenfeld, Schultz & Co., CPA. Judge Conrad held that:

> First of all, the dissolution took place a year before, so, therefore, [the partnership] did not have to be disclosed. Secondly, the assets he has disclosed indicate that he is an accountant who practiced and, therefore, there can be no claim that there was a failure to disclose the accounting practice.

█ In sum, Judge Conrad held that there was no accounting partnership that required disclosure due to the fact that the partnership had been dissolved at least one year prior to the bankruptcy filing. In addition, after reviewing the bankruptcy petition, Judge Conrad concluded that the debtor properly disclosed the existence of his accounting practice. While the plaintiff argues that the partnership was actually dissolved after the filing of the bankruptcy petition, the Court notes that this factual determination as well as the factual determination that the debtor had properly disclosed his accounting practice were not clearly erroneous. In its decision, the Court reviewed the bankruptcy schedules and concluded that the debtor properly disclosed the existence of his accounting practice. The schedules stated that he was an accountant, and that he maintained an office with office furniture and a computer. In addition, the schedules disclosed an accounts receivable balance at the time of the filing of the bankruptcy petition. Accordingly, the Court affirms the decision of Judge Conrad dismissing the causes of action which seek to prevent the debtor from a bankruptcy discharge due to his purported interest in the accounting partnership.

## E. The Existence of a Pattern of Concealment

█ Essenfeld claims that Judge Conrad erred when he reached the conclusion that he failed to sustain its burden of proof necessary to deny the debtor a discharge

under 11 U.S.C. § 727 in that the evidence showed the existence of a pattern of concealment of assets. The Court notes that while the appellant designated this as an "issue on appeal," it is not specifically addressed in his brief or reply brief. As a result, the appellant fails to cite any authority in support of his contention that Judge Conrad committed error when he dismissed this cause of action. Moreover, as the Court has previously found that Judge Conrad correctly determined that the debtor was entitled to a bankruptcy discharge despite the failure to include in his bankruptcy petition the land located at 92 Plainview Road, the judgment associated with the lawsuit and the existence of the accounting partnership, the Court concludes that Judge Conrad correctly held that the plaintiff failed to establish a pattern of concealment of assets.

## F. The Claim that the Debtor Stole Assets from the Partnership

Essenfeld claims that Judge Conrad erred in reaching the conclusion that he failed to sustain his burden of proof necessary to deny the debtor a discharge of his debts to the plaintiff pursuant to 11 U.S.C. §§ 523(a)(6) and (a)(4) despite his belief that the evidence indicated that the debtor stole accounts receivable from the partnership.

11 U.S.C. §§ 523(a)(4) and (a)(6) state:

(a) A discharge under section 727, 1141, 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

Essenfeld contends that Schultz attempted to service clients of the partnership while being fully aware that his interest in the partnership had not vested due to the fact that he had not paid for his

interest. In addition, Essenfeld asserts that the debtor willfully converted and embezzled partnership assets, while a fiduciary, by continuing to collect the receivables from the clients that he serviced without paying any of his outstanding debts to Essenfeld.

With respect to these claims, Judge Conrad held that:

> [T]here is no testimony that the Defendant acted with malice. There is only testimony that he acted out of his pecuniary interest, and both of them have continued, I heard Mr. Essenfeld testify, "I service my clients, I collected receivables from them," he serviced his clients, he collects the receivable on those. That doesn't show malice. That just shows that people are attempting to continue on in their business.
>
> A mere partnership dispute. And, again, no covenant [not] to compete ... no prevention from taking assets, at least in the oral agreement that I think exists, and both of them behaved—"I will service my clients," they have a right to solicit those clients—I shouldn't have said that, used the word "solicit" but they have the right to contact the client as to whether they want to stay. I have no evidence that Mr. Essenfeld did this; I have no evidence that Mr. Schultz did this. They just simply behaved like, "these are my files and I will carry on business." That does not make an embezzlement or a conversion of assets.

■ The Court agrees with Judge Conrad's findings that Essenfeld failed, as a matter of law, to prove that the debtor acted with fraudulent intent or malice when he continued to service his previous clients. In fact, the statement of admitted and uncontested facts submitted by the parties' indicated that "[t]he defendant continues to service clients amounting to approximately fifty (50%) percent of the previous partnership." Judge Conrad's conclusion that the plaintiff failed to prove, by a preponderance of the evidence, that the debtor acted with fraudulent intent or malice and with intent to injure is supported by the record. *See Kawaauhau v. Geiger*, 523 U.S. 57, ——, 118 S.Ct. 974, 977, 140 L.Ed.2d 90 (1998) (holding that "[t]he word 'willful' in (a)(6) modifies the word 'injury,' indicating that nondischargeability takes a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury.") Therefore, the Court affirms the decision of Judge Conrad dismissing the causes of action which seek to prevent the debtor from a bankruptcy discharge due to alleged violation of 11 U.S.C. §§ 523(a)(6) and (a)(4).

## III. CONCLUSION

Having reviewed the parties' submissions it is hereby

**ORDERED,** that the August 10, 1998 Order of United States Bankruptcy Judge Francis G. Conrad is affirmed in its entirety and the appeal is hereby dismissed; and it is further

**ORDERED,** that the Clerk of the Court is to close this case.

**SO ORDERED.**