In re John FRAGETTI and Madeline Fragetti, Debtors.

Bankruptcy No. 20486.
Adv. No. 82–6106.

United States Bankruptcy Court,
S.D. New York.

Nov. 3, 1982.

Harvey S. Barr, Spring Valley, N.Y., trustee.

Pirrotti & Imperato, Dobbs Ferry, N.Y., for debtors.

## DECISION ON COMPLAINT OF TRUSTEE OBJECTING TO DISCHARGES OF DEBTORS.

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The trustee in bankruptcy has filed a complaint objecting to the debtors' discharges. The first cause of action is based upon 11 U.S.C. § 727(a)(4)(D) in that they purportedly concealed their equitable interest in their present residence located in Thornwood, New York, and in a 1977 Pontiac automobile. The second cause of action charges the debtors with failing to obey a court order within the meaning of 11 U.S.C. § 727(a)(6)(A) in that the debtors, through their attorney, advised their daughter and son-in-law to refuse to appear for a Rule 205(a) examination as ordered by this court. The second cause of action also asserts that such conduct violates 11 U.S.C. § 727(a)(4)(D) as a withholding of information relating to the debtors' property or financial affairs. A third cause of action, which seeks to revoke the debtors' discharges, is academic, since no discharges were ever entered in this case.

The debtors have filed an answer in which they deny the essential allegations of the complaint and raise certain affirmative defenses, including laches, lack of subject matter jurisdiction and allegedly improper extensions of time obtained by the trustee to object to the debtors' discharges.

## EXTENSIONS OF TIME

The defenses will be treated first since they relate to the court's jurisdiction to determine the trustee's objection to the debtors' discharges.

The debtors filed with this court their voluntary joint petition for relief under Chapter 7 of the Bankruptcy Code, as authorized under 11 U.S.C. § 302. Pursuant to Bankruptcy Rule 404(a) and Interim Bankruptcy Rule 4002 the court entered an order fixing November 13, 1981 as the expiration date for the filing of a complaint objecting to the debtor's discharges. On November 12, 1981 the trustee submitted to

the court an ex parte application for an order, which the court signed, extending for sixty days the trustee's time to object to the debtors' discharges. The reason given for the requested extension was that the trustee's examination of the debtors had not been completed and that there were additional requests for information outstanding. The trustee also stated that he believed "that grounds may exist for objecting to discharge." On January 12, 1981 the trustee obtained another ex parte order extending his time to object for an additional sixty days for the same reasons as previously given. Thereafter, the trustee obtained three more successive ex parte extensions of time for the reasons originally stated in his first application. The trustee filed his complaint within the time permitted by the fifth extension. All of the extensions of time were obtained without notice to the debtors, who thought that they had already received their discharges.

■ The debtors now challenge the propriety of the five ex parte extension orders obtained by the trustee.

Bankruptcy Rule 404(c), relating to the discharge of a debtor, provides that:

> "The court may for cause, on its own initiative or on application of any party in interest, extend the time for filing a complaint objecting to discharge."

Similarly, Bankruptcy Rule 906(b), dealing with enlargements states:

> "... the court for cause shown may at any time in its discretion (1) with or

*without* application or *notice* order the period enlarged if request therefor is made before the expiration of the period originally prescribed *or as extended* by a *previous order* ...". [Emphasis added]

A prerequisite for obtaining an extension of time under these Rules is that there be cause shown to warrant the extension. Under the Bankruptcy Rules as they now read, the court may extend the trustee's time to object to the debtors' discharges with or without application and with or without notice.[1] Therefore, the debtors' challenge to the court-ordered extensions on the ground that they did not receive prior notice is without merit.

The cause for extending the trustee's time to object to the debtors' discharges was recited in his applications for extensions; the trustee's examinations of the debtors were incomplete, additional information was sought and the trustee believed that grounds may exist for objecting to their discharge. It is not for this court to review its own determination that cause existed to support the extensions. Suffice it to say that such extension orders may be relied upon as valid orders unless they are vacated. Accordingly, the trustee's complaint was timely filed and this court has subject matter jurisdiction.

### ALLEGED REFUSAL TO OBEY A COURT ORDER: CODE § 727(a)(6)

■ A debtor's refusal "to obey any lawful order of the court" is a ground under 11

---

1. This procedure will be changed if the New Proposed Bankruptcy Rules, as proposed by the Committee on Rules of Practice and Procedure of the Judicial Conference of the United States, are adopted. A hearing on notice will be required for obtaining extensions of time to object to discharges and dischargeability of claims.

   *Proposed Rule 4004(b) provides:*
   (b) EXTENSION OF TIME. On motion of any party in interest, after hearing on notice, the court may for cause extend the time for filing a complaint objecting to discharge. The motion shall be made before such time has expired.
   Similarly Proposed Rule 4007(c), with respect to dischargeability of debts provides in pertinent part as follows:

   On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired.

   It should be noted that the key phrase is "after hearing on notice." This language differs from Bankruptcy Code 11 U.S.C. § 102(1), which refers to "after notice and a hearing." Although 11 U.S.C. § 102(1) also adds: "or a similar phrase"; it is questionable as to whether or not "after hearing on notice" is a similar phrase, especially within the context of the Proposed Rules as distinguished from its operative meaning under Bankruptcy Code § 102(1).

U.S.C. § 727(a)(6) for the denial of a discharge in bankruptcy. The trustee charges that the debtors' daughter and son-in-law were advised by the debtors' attorney to refuse to appear as witnesses pursuant to a court-ordered examination under Bankruptcy Rule 205(a).

In a letter to the trustee's counsel, dated May 5, 1982 (Exhibit # 3) the debtors' attorney stated that the debtors' daughter and son-in-law would not attend the Rule 205(a) examination because the trustee had obtained ex parte orders extending his time to object to the debtors' discharges and that copies were not served upon the debtors or their counsel. The debtors' attorney then stated:

> "Since neither procedure was complied with, the orders were obtained unlawfully, thus, the time for the trustee to object has elapsed and no complaint may be brought. Hence, the Rule 205(a) examination is a moot undertaking, and we will not comply."

Although the debtors' attorney's advice to the daughter and son-in-law was not legally sound, in that the trustee's ex parte extensions of time to object to the debtors' discharges satisfied Bankruptcy Rules 404(c) and 906(b), the debtors' should not be denied their discharges because the witnesses followed faulty legal advice. There was no proof that the debtors took any action that could be described as a failure to obey a court order. The appropriate remedy for obtaining compliance by a witness with an order for a Rule 205(a) examination is to cite the witness for contempt of court. See *Lindner v. Kilsheimer,* 289 F.2d 340 (2d Cir.1961). The witnesses' failure to comply with a court-ordered examination cannot be characterized as a refusal by the debtors to comply with a court order so as to warrant a denial of their discharge.

### *Concealment of Equitable Interest*
#### FACTS

1. The debtors are husband and wife who, until November 9, 1979, jointly owned a home located in Yonkers, New York.

2. In November, 1978, the wife suffered a debilitating stroke which paralyzed her. Constant personal attention was required. Their daughter suggested that her parents ought to sell their home and that she would also sell her own home. The daughter proposed to buy a new home where the debtors could move in so that the daughter could be near and would take care of her paralyzed mother. The new home would be constructed so as to accommodate the mother's physical needs, i.e., wider doors, no door sills, modified bathroom, etc.

3. On November 9, 1979, the debtors sold their home in Yonkers, realizing approximately $50,000 over the mortgage and expenses. They then gave the proceeds to their daughter who also sold her home. With the proceeds of both sales, their daughter and son-in-law bought another home in Thornwood, New York, which was newly constructed at a cost of approximately $110,000, subject to a mortgage of about $30,000. The debtor, John Fragetti, signed the mortgage extension agreement along with his daughter and son-in-law.

4. The debtors moved into a separate apartment in the new house and paid their daughter and son-in-law the sum of $300 as monthly rent for the apartment, although no written lease was ever executed.

5. The deed to the Thornwood home is in the name of the debtors' daughter and son-in-law who pay the mortgage obligation and all other expenses attributable to the house.

6. It is conceded that when the debtors sold their Yonkers home on November 9, 1979, they owed obligations to some of the creditors who are listed in their schedules annexed to their bankruptcy petition.

7. The debtor, John Fragetti, also sold his 1977 Pontiac automobile to his son-in-law for $400. There was no evidence as to whether or not this sum adequately reflected the value of the vehicle.

### DISCUSSION

The facts in this case appear to resemble a scenario usually associated with an

attempt to set aside a constructively fraudulent transfer under 11 U.S.C. § 548(a)(2). The debtors, John and Madeline Fragetti, sold their home and then transferred the net proceeds amounting to approximately $50,000, to their daughter and son-in-law who used the money, together with their own funds to purchase a new home. The debtors' assets at the time were sparse and they concededly owed money to various creditors. The debtors moved into a separate apartment in the new home with the understanding that their daughter would care for Madeline Fragetti, who was paralyzed as a result of a stroke. However, even if it were determined that the transfer of the $50,000 was constructively fraudulent, it is now clear that a constructively fraudulent transfer under 11 U.S.C. § 548(a)(2) cannot be the basis for the denial of a discharge under 11 U.S.C. § 727(a)(2), which requires actual intent to hinder, delay or defraud creditors. *In re Adlman,* 541 F.2d 999 (2d Cir.1976). Therefore, the trustee challenged the debtors' discharges on the theory that the debtors' transfer of the automobile and the proceeds from the sale of their home amounted to a concealment of assets proscribed under 11 U.S.C. § 727(a)(4)(D), in that they allegedly retained equitable interests in the property transferred.

In those cases where a debtor's discharge was denied for concealing an equitable interest in property, the property in question, usually a house, was transferred to the debtor's spouse while the debtor's income was used to pay off a mortgage, thus creating equity for the debtor and the spouse. *In re Walter,* 67 F.Supp. 925 (S.D. N.Y.1946); *In re Elliott,* 83 F.Supp. 771 (E.D.Pa.1948); *In re Davis,* 404 F.2d 312 (2d Cir.1968); *In re Vecchione,* 407 F.Supp. 609 (E.D.N.Y.1976); *In re Gugliada,* 20 B.R. 524 (Bkrtcy.S.D.N.Y.1982). In this case, the debtors gave approximately $50,000 to their daughter and son-in-law who purchased a home jointly in their own names and who paid the mortgage and other carrying charges. In the event that the debtors' daughter predeceased them, the property would go to the son-in-law as the joint

owner, not to the debtors. Moreover, the debtors did not hold themselves out as owners of the new home; they paid rent of $300 per month as tenants occupying a separate apartment. That the debtors' daughter acquired part of the money to purchase the new home from the debtors under circumstances that might have amounted to a constructive fraud under 11 U.S.C. § 548(a)(2), where actual fraudulent intent is not required, does not mean that a concealment of an equitable interest is established.

This court ruled in *In re Gugliada,* supra, that the concealment of the debtor's equitable interest in a bank account, family home and business had to have been knowingly and intentionally fraudulent in order to deny the debtor's discharge under 11 U.S.C. § 727(a)(4). Subsection (A) of Code § 727(a)(4) is the *governing provision,* since the debtors' concealment of an equitable interest is tantamount to making a "false oath" with respect to the sworn schedule of assets annexed to the bankruptcy petition. The trustee's reliance upon subsection (D) of Code § 727(a)(4) is questionable since the concealment of the debtors' equitable interest in property does not involve "any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs . . .", as expressed in subsection (D). For purposes of this case subsection (A) of Code § 727(a)(4) will be regarded as the controlling statutory provision applicable to the cause of action asserted in the complaint within the context of an alleged concealment of the debtors' equitable interest in property.

In this case, the motivating factor for the sale of the debtors' former home and their transfer of $50,000 to their daughter and son-in-law for a part payment towards the purchase of a new home, was the debtors' desire to reside in the same building with their daughter so that she could care for her invalid mother. This event occurred within a year of the mother's stroke and nearly two years before the joint petition was filed. Hence, unlike the situation in

the *Gugliada* case, where it was argued that the dominant impulse for the transfer was the desire to place the debtor's assets beyond the reach of a recent judgment creditor, the debtors in this case and their daughter and son-in-law acted in response to Madeline Fragetti's physical impairment and not with an eye towards a bankruptcy petition two years hence.

As to the 1977 Pontiac automobile that the debtor, John Fragetti, sold to his son-in-law for $400, the trustee might appropriately question the sufficiency of the consideration to support the transfer. However, the issue for determination is not whether the automobile was fraudulently transferred, but rather whether the debtor, John Fragetti, retained an equitable interest in the vehicle and should be regarded as having concealed an asset of the estate from his creditors. As the court said in *In re Quackenbush*, 102 F. 282, 285 (N.D.N.Y. 1900):

> "[T]he purpose of the lawmakers was to grant [a discharge] only to the honest bankrupt who surrenders all that he possesses to his creditors and not to one who by a process of legal necromancy is living in luxury upon an estate which equitably belongs to them."

There was no proof that the debtor continued to make any of the finance payments for the vehicle after he sold it to his son-in-law. The title to the vehicle was registered in the son-in-law's name. The vehicle ceased to be an asset of the debtors' estate after it was transferred and there was no proof that they exercised any equitable interest in it. Thus, there was no concealment by the debtors of any equitable interest in the vehicle, although the creditors might question whether or not the transfer was intended to hinder, delay or defraud creditors. However, this issue is not presently before the court within the framework of a charge that the debtors have fraudulently concealed assets from their creditors within the meaning of 11 U.S.C. § 727(a)(4)(D), or more properly, § 727(a)(4)(A).

## CONCLUSIONS OF LAW

1. The trustee in bankruptcy did not establish that the debtors refused to obey a lawful order of this court as proscribed under 11 U.S.C. § 727(a)(6).

2. There was insufficient proof to establish that the debtors retained and concealed any equitable interest in their present residence located in Thornwood, New York, or in a 1977 Pontiac automobile that the debtor, John Fragetti, sold to his son-in-law.

3. The complaint filed by the trustee in bankruptcy objecting to the debtors' discharges in bankruptcy is dismissed.

SUBMIT ORDER ON NOTICE.