**In re Daniel H. OVERMYER, Debtor.**

**Bankruptcy No. 82 B 20329.**

United States Bankruptcy Court,
S.D. New York.

Nov. 5, 1982.

Reich & Reich, White Plains, N.Y., for debtor.

Weil, Gotshal & Manges, New York City, for The First Nat. Bank of Boston.

## DECISION ON DEBTOR'S MOTION FOR AN ORDER VACATING PART OF ORDER OF SEPTEMBER 2, 1982

HOWARD SCHWARTZBERG, Bankruptcy Judge.

This case involves the "me too" principle and the question as to whether or not one creditor may piggyback on another creditor's successful application to extend the time to object to the debtor's discharge and the dischargeability of its claims against the debtor.

On May 28, 1982 the debtor, Daniel H. Overmyer, filed with this court his voluntary petition for relief under Chapter 7 of the Bankruptcy Code. By order dated June

30, 1982, the court set September 3, 1982 as the last day for the filing of objections to the dischargeability of debts and to the debtor's discharge. On September 2, 1982, The First National Bank of Boston (the "bank") a scheduled creditor, filed an application for an *ex parte* order extending its time, and that of D.H. Overmyer Telecasting Company, Inc. ("Telecasting"), to object to the debtor's discharge and the dischargeability of their claims. The bank's application embraced Telecasting on the theory that the bank was then the record owner of all the common stock of Telecasting. The propriety of the bank's application, to the extent that it sought an extension of time for Telecasting to object to the debtor's discharge and the dischargeability of claims, is now disputed by the debtor.

Based upon the bank's application, dated September 2, 1982, the court entered an *ex parte* order the same day extending the time of the bank and Telecasting to file objections to the dischargeability of their claims and to the discharge of the debtor to December 1, 1982. The order extending the time to file objections was bottomed in part on the allegation in the application that "the affairs of the Debtor are complex and entangled in numerous nominee corporations, some of which are Chapter XI debtors ... and more time is needed to investigate them to determine whether there exists grounds to deny discharge and dischargeability ...."

By application dated October 1, 1982, the debtor applied to this court for an order vacating that part of the September 2, 1982 order that extended Telecasting's time and striking a quotation from a decision of the United States Court of Appeals for the Second Circuit, and statements in the bank's application in support of the bank's position that cause existed to support the extension of time which this court granted.

The debtor argues that Telecasting and the bank are each separate entities so that even if the bank owned all the stock of Telecasting, this fact alone did not give the bank standing to obtain an order extending the time for Telecasting to file objections to the dischargeability of its claim and to the discharge of the debtor. The debtor maintains that there is nothing in Bankruptcy Rules 404(c) and 409(a)(2) that states that a stockholder is a party in interest who may apply for an extension on behalf of the issuing corporation.

## PARTY IN INTEREST

Bankruptcy Rule 404(c), relating to the discharge of a debtor, provides that:

> "The court may for cause, on its own initiative or on application of *any party in interest,* extend the time for filing a complaint objecting to discharge." [Emphasis added]

Bankruptcy Rule 409(a)(2), applicable to extensions of time to file complaints objecting to the dischargeability of specific debts, provides in pertinent part as follows:

> "The court may for cause, on its own initiative or on application of *any party in interest,* extend the time fixed under this paragraph." [Emphasis added]

Similarly, Bankruptcy Rule 906(b), dealing with enlargements states:

> "... the court for cause shown may at any time in its discretion (1) with or without application or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order ...."

■ This court previously said in *In re Fragetti,* 24 B.R. 392 (Bkrtcy. S.D.N.Y. 1982) that a prerequisite for obtaining an extension of time under these Rules is that cause must be shown to warrant the extension. Accordingly, under the Bankruptcy Rules as they now read, the court may extend a creditor's time to object to the debtor's discharge or dischargeability of claims with or without application and with or without notice.[1] See *Dulaney v. Cop-*

---

1. This procedure will be changed if the New Proposed Bankruptcy Rules, as proposed by the Committee on Rules of Practice and Procedure of the Judicial Conference of the United

*pard,* 145 F.2d 468 (5 Cir.1944) cert. den. 325 U.S. 861, 65 S.Ct. 1199, 89 L.Ed. 1982 (1945).

In this case the debtor does not dispute that the bank is a party in interest with standing to obtain its own extension of time for objecting to the debtor's discharge and for filing a complaint with respect to the dischargeability of its own claim against the debtor. Moreover, the debtor does not question that sufficient cause was shown for the granting of such application. However, the debtor asserts that the bank is not a "party in interest" who may apply for an extension of time for Telecasting, a separate entity, to file a complaint objecting to the debtor's discharge or with respect to the dischargeability of Telecasting's claim against the debtor.

In so far as the debtor's general discharge is concerned, all creditors of the estate, as well as the trustee in bankruptcy, would be interested in whether or not the debtor's conduct justifies a denial of a discharge in bankruptcy as delineated under 11 U.S.C. § 727. Therefore, an extension of time for the trustee or any creditor to file an objection to the debtor's discharge affects the interests of all creditors. Accordingly, the scope of an extension order obtained by one creditor with respect to objecting to the debtor's discharge could conceivably be appropriately worded so as to inure to the benefit of other creditors. This point was recognized in the Advisory Committee's Note following Bankruptcy Rule 404, which reads as follows:

States, are adopted. A hearing on notice will be required for obtaining extensions of time to object to discharges and dischargeability of claims.

Proposed Rule 4004(b) provides:
(b) EXTENSION OF TIME. On motion of any party in interest, after hearing on notice, the court may for cause extend the time for filing a complaint objecting to discharge. The motion shall be made before such time has expired.

Similarly Proposed Rule 4007(c), with respect to dischargeability of debts provides in pertinent part as follows:

On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired.

"An extension granted on an application pursuant to subdivision (c) of the rule would *ordinarily* redound to the benefit only of the applicant, *but the scope and effect* of the extension would in any event *depend on the terms of the extension.*" [Emphasis added].

The extension that the bank obtained, to the extent it related to the debtor's general discharge, clearly redounded to Telecasting's benefit as well.[2] In light of the fact that Telecasting is interested in, and is affected by, the operation of any discharge that may be granted to the debtor, it necessarily follows that the extension order obtained by the bank in favor of itself and Telecasting to object to the debtor's general discharge was properly obtained by "a party in interest." Indeed, if one objecting creditor withdraws or fails to prosecute a filed complaint, other parties who were originally entitled to oppose the discharge would normally be given an opportunity to proceed with the objection, notwithstanding that the time to file objections to the discharge may have lapsed. See *1A Collier on Bankruptcy,* ¶ 14.14[1] p. 1314.7 (14th Ed. 1981). Clearly there is no point in having two complaints filed against the debtor in which the same conduct is asserted as a basis for objecting to his discharge. The evidence of any conduct proscribed under 11 U.S.C. § 727 will carry no greater conviction merely because another party in interest voices a similar objection.

It should be noted that the key phrase is "after hearing on notice." This language differs from Bankruptcy Code 11 U.S.C. § 102(1), which refers to "after notice and a hearing." Although 11 U.S.C. § 102(1) also adds: "or a similar phrase"; it is questionable as to whether or not "after hearing on notice" is a similar phrase, especially within the context of the Proposed Rules as distinguished from its operative meaning under Bankruptcy Code § 102(1).

2. The order reads in pertinent part as follows:
"ORDERED that the time of the Bank and Telecasting to file objections to the dischargeability of their claims and to the discharge of the Debtor, be, and it hereby is, extended to and including December 1, 1982."

The dischargeability of specific debts is another matter. Generally, each creditor is interested only in the dischargeability of its own claims and not those of strangers. An extension of time to object to the dischargeability of one creditor's claim does not usually concern creditors other than the one who obtained the extension. Manifestly, the bank was a proper party in interest to obtain an extension of time to file a complaint to determine the dischargeability of its own claim against the debtor. The debtor contends, however, that the bank was not a proper "party in interest" to obtain an extension for Telecasting to object to the dischargeability of its claim merely because the bank owned all of Telecasting's common stock.

■ The phrase "party in interest" is employed in Bankruptcy Rules 404(c) and 409(a)(2) without definition as to who may be such a party in interest. In Chapter 7 of the Bankruptcy Code the words "party in interest" appear in various sections,[3] also without definition. Although not controlling,[4] 11 U.S.C. § 1109(b) is instructive as to whom may be included as a "party in interest" for purposes of appearing and being heard on any issue in a case under Chapter 11 of the Code. This section provides that:

> "A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter."

The bank and Telecasting note that 11 U.S.C. § 1109(b) was the basis for the holding in *Hadar Leasing International Co. v. D.H. Overmyer Telecasting Co.,* 18 B.R. 110 (Bkrtcy.N.D.Ohio 1982) that the bank had sufficient interest in Telecasting to intervene in the adversary proceeding as a "party in interest." However, the bank was a creditor in that case and was allowed to intervene to protect its own interests; such

intervention was not also in furtherance of Telecasting's interests, as Telecasting was already a party to the action. Therefore, that decision is not *res judicata* as to the propriety of the bank's application on behalf of Telecasting for an order extending Telecasting's time to object to the dischargeability of the latter's claim.

Although 11 U.S.C. § 1109(b) specifies who may be included as a "party in interest" for purposes of appearing in a Chapter 11 case, it must be recognized that the words may have different meanings when applied in other contexts. Thus, 11 U.S.C. § 102(3) instructs that the words "includes" and "including" are not words of limitation.

The Advisory Committee's Note following Bankruptcy Rule 409 advises that: "This rule prescribes the procedure to be followed when a *party* requests the court of bankruptcy to determine dischargeability of a debt . . . ." [Emphasis added]. Thus, the parties whose interests are implicated under Rule 409 are described in subsection (a) as the bankrupt, or any creditor who might file a complaint to obtain a determination of the dischargeability of any debt. Generally, one creditor who, of course, is a party in interest as to its own claim, would not have any interest in filing a complaint with respect to objecting to the dischargeability of another creditor's claim. As between themselves, the separate creditors are economic strangers and perhaps competitors. Similarly, one creditor would have no financial reason for applying to have the time extended for another creditor to object to the dischargeability of such other creditor's claim. Neither creditor would qualify as a party in interest for the purpose of pursuing an objection to the dischargeability of the other's claim.

The situation is different, however, when dealing with a parent corporation and its wholly owned subsidiary. The subsidiary's claim against a debtor is an asset of the subsidiary and is also of vicarious value to

---

**3.** 11 U.S.C. §§ 107(b), 303(g), 304(b), 326(a), 330(a), 362(d), 366(b), 502(a), 506(d), 706(b) and 727(c)(2).

**4.** 11 U.S.C. § 103(f) provides that subchapters I, II, and III of Chapter 11 apply only in a case under Chapter 11. Code § 1109(b) appears in subchapter I of Chapter 11.

the parent corporation. A liquidation of the subsidiary would result in such asset being distributed to the parent corporation. As between themselves they are not strangers. Although the integrity of their corporate veils may serve to protect them from each other's creditors, they nevertheless share a common economic interest. The parent and the subsidiary corporation must be regarded as separate entities for the purpose of enforcing their own claims, including the filing of separate complaints to determine the dischargeability of such claims. However, there does not appear to be any logical reason why a parent corporation may not, while applying for itself, also apply on behalf of its subsidiary for an extension of time for both to file complaints objecting to the dischargeability of their claims against a debtor, especially if the subsidiary authorizes or ratifies such application. Realistically, under such circumstances, the parent corporation is a "party in interest" for purposes of obtaining the extension of time for itself as well as its wholly owned subsidiary. To require a parent corporation and its wholly owned subsidiary to file separate applications for extensions of time under Bankruptcy Rule 409(a)(2) would serve no purpose other than to elevate form over substance while cluttering the files with additional and unnecessary papers. Accordingly, the bank's application for an extension of time for itself and Telecasting to file complaints objecting to the dischargeability of their claims against the debtor was made by a "party in interest", as required under Bankruptcy Rule 409(a)(2), for the purposes of ascertaining Telecasting's standing to file a complaint under 11 U.S.C. § 523.

There is an additional reason why Telecasting is not time-barred from filing a complaint objecting to the dischargeability of its claims against the debtor as well as objecting to the granting of a discharge. As this court said in *In re Fragetti,* supra, it

is not for this court to review its own extension order that was obtained upon a showing that cause existed for granting it. The extension order may be relied upon by Telecasting as a valid order unless otherwise vacated.

### The Debtor's Application to Strike Portions of the Bank's Application

The debtor also moved under Rule 12(f) of the Federal Rules of Civil Procedure to strike certain portions of the bank's application for the extension of time to object to the debtor's discharge and the dischargeability of its claims and those of Telecasting. The application is not a pleading in an adversary proceeding. Therefore, Bankruptcy Rule 914 expressly excludes all but certain of the Federal Rules of Civil Procedure. Rule 12(f) is not one of the Rules applicable in contested matters when adversary proceedings are not involved. However, Bankruptcy Rule 918 provides relief for the protection of confidential, scandalous or defamatory matter. Similarly 11 U.S.C. 107(b)(2) authorizes protection to persons against scandalous or defamatory matter.

In the application for an extension of time to object to the debtor's discharge and the dischargeability of claims against the debtor, counsel for the applicants referred to the debtor's two attempts to obtain court orders enjoining a decision by a Bankruptcy Judge in an adversary proceeding pending in the Bankruptcy Court in Ohio, in which the debtor was named as a defendant along with others. The applicants also stated that more time was needed to investigate the affairs of the debtor because such investigation was "time consuming and difficult because of the Debtor's attitude toward the judicial system" as reflected by the statement[5] by Justice Tyler in a case in the Supreme Court, New York County, which was quoted by Judge Mulligan in *Overmyer*

---

5. Justice Tyler's statement, quoted by Judge Mulligan, reads as follows:

"This court finds the litany of evasion and noncompliance in which the defendant judgment debtor has engaged to be absolutely incredible. The utter disrespect which Overmyer has shown, not just for the prior order of this court, but for the entire system of jurisprudence by which this court and this society operates is reprehensible."

*v. Fidelity & Deposit Co. of Maryland,* 554 F.2d 539, at 542 (2d Cir.1977).

The reference to the debtor's two attempts to obtain court orders enjoining the Bankruptcy Court from rendering a decision against the debtor, which the debtor maintains would violate the automatic stay under 11 U.S.C. § 362, involves applications which are part of the public record and can hardly be characterized as confidential, scandalous or defamatory matters. The statement describing the debtor's attitude towards the judicial system was drawn from a quotation that appears in a published opinion entered by the Second Circuit Court of Appeals. This too is a matter of public record and not within the protection afforded by Bankruptcy Rule 918 or 11 U.S.C. 107(b)(2). These statements were submitted by the applicants in support of their position that cause existed for the requested extension of time. In view of the fact that these statements addressed a relevant issue and were not the sort of matters proscribed in Bankruptcy Rule 918 or 11 U.S.C. § 107(b)(2), it follows that there is no basis for striking them from the application in question.

Based upon the foregoing, the debtor's motion for an order vacating that part of the September 2, 1982 order that extended Telecasting's time to object to the dischargeability of its debt and to the debtor's discharge and for an order striking certain portions of the application in support of the September 2, 1982 order is denied.

SUBMIT ORDER ON NOTICE.