In re Jane Benedum **FLOYD,** f/k/a Jane Benedum **Norsworthy** and Jane Benedum **Billingslea,** Debtor.

Bankruptcy No. 383–01194 M.

United States Bankruptcy Court, N.D. Texas, Dallas Division.

March 16, 1984.

Harold C. Abramson, Dallas, Tex., for debtor.

Erin Y. Baker, Dallas, Tex., for The Side Door Antiques.

William H. Gray, Dallas, Tex., for trustee.

Michael Braden, Dallas, Tex., for Lou Lattimore, Inc.

Randall J. Shafer, Dallas, Tex., for Neiman-Marcus.

## MEMORANDUM OPINION ON APPLICATION(S) TO EXTEND TIME TO OBJECT TO DEBTOR'S DISCHARGE

ROBERT C. McGUIRE, Bankruptcy Judge.

The Court fixed February 6, 1984 as the last day for the filing of objections to discharge of Jane Benedum Floyd ("debtor"). On February 6, 1984, Lou Lattimore, Inc. ("Lattimore") filed an application for extension to file a complaint objecting to the discharge of the debtor. Lattimore attempted simultaneously to file a complaint objecting to discharge under 11 U.S.C. § 523, but because the check was incorrectly made out, the bankruptcy clerk refused to file the complaint. Lattimore filed the complaint on February 7, 1984. No other creditor filed an application for extension on or before February 6, 1984. However, subsequently, two other creditors, Neiman-Marcus and The Side Door Antiques, attempted to "piggyback" on the Lattimore Application for extension. Debtor objected to any extension by any of the creditors and moved to strike the complaint of Lattimore which was filed on February 7, 1984.

With respect to Neiman-Marcus and The Side Door Antiques, the issues are whether such creditors should be allowed to file motions to extend time to object to the discharge of the debtor after the expiration of the bar date, or alternatively, whether such creditors should be allowed to "piggyback" on a timely motion filed by Lattimore. I find both issues should be answered in the negative.

The foregoing and following constitutes findings of fact and conclusions of law.

■ Lattimore offered testimony that the reason for filing the extension request was that Lattimore intended to file a complete objection to discharge, but that the affairs of the debtor were so complex that Lattimore needed additional time to undertake discovery. Lattimore's representative testified further that Lattimore regarded the filing of an objection to discharge as a serious matter and wished to be sure of allegations before they were placed in Lattimore's pleadings. I find that the affairs of the debtor were complex and that Lattimore did reasonably need additional time in which to undertake discovery and clarify its position on any objections, if any, it might have to the debtor's discharge. The initial § 341 meeting of the debtor had to be reset because there were so many creditors at the debtor's first meeting. I find that an extension should be granted until February 7, 1984 to file the complaint that was actually filed by Lattimore, and that a further extension should be granted to Lattimore to May 14, 1984 in which to file a complaint objecting to the discharge of the debtor.

Neiman-Marcus and The Side Door Antiques did not file separate written applications to extend time to file complaints objecting to the discharge, but attempted to "piggyback" on the application of Lattimore.

There was testimony from representatives of Neiman-Marcus and The Side Door

Antiques also regarding the complexity of the debtor's affairs and their attempts to form an informal creditors' committee to solidify the various creditor objections before filing formal complaints. There is no dispute that Neiman-Marcus and The Side Door Antiques received proper notice of the bar date.

Rule 4004(a) of the new Bankruptcy Rules fixes the time in which an 11 U.S.C. § 727(a) objection to the discharge of a debtor must be filed. Rule 4004(b) allows for an extension of the time period and provides: ". . . On motion of any party in interest, after hearing on notice, the court may for cause extend the time for filing a complaint objecting to discharge. *The motion shall be made before such time has expired.*" [Emphasis added].

The last sentence of Rule 4004(b) is new. An identical last sentence also appears in Bankruptcy Rule 4007(c) which governs the time for filing a complaint to determine dischargeability under 11 U.S.C. § 523(c). Former Rule 404(c) allowed extensions of time for the filing of objections to the debtor's discharge to be made in the discretion of the bankruptcy judge without regard to when the motion for extension was filed. In *In re Pineford Development Company,* 1 B.C.D. 152 (Bankr.N.D.Miss.1974), the court allowed, under former Rule 404(c), the filing of a motion for extension of time to object to the debtor's discharge after the bar date for filing such a motion had passed. In allowing this extension, the court specifically noted "that there are no restrictions in Rule 404(c) with regard to the time when application for extension may be granted." *Id.* at 154.

Neiman-Marcus and The Side Door Antiques contend that the provisions of Rule 9006(b)(1) are applicable to their extension applications. Rule 9006(b)(1) is a general provision which allows extensions to be granted when the motion therefor is not timely filed if such failure is the result of "excusable neglect". However, Rule 9006(b)(1) is expressly made nonapplicable to extensions concerning objections to discharge by Rule 9006(b)(3), which, in relevant part, provides: "the court may enlarge the time for taking action under Rule . . . 4004(a), 4007(c) . . . only to the extent and under the conditions stated in that rule". The Advisory Committee note under Rule 9006 indicates that it would be inconsistent with the objective of Rule 9006 and the sound administration of the case to permit extension under Rule 9006(b)(1) where another rule contains specific authorization to extend time. The Advisory Committee note under Bankruptcy Rule 9006 further provides that if a rule is included in paragraph (b)(3), then ". . . an extension may not be granted under paragraph (1) . . . . . . . The following rules are listed in paragraph (3) . . . Rule 4004(a), 60 day period to object to a discharge; Rule 4007(c), 60 day period to file a dischargeability complaint; . . .". Since Rule 4004(a) has a subdivision specifically dealing with extensions, *i.e.,* Rule 4004(b), then Rule 9006(b)(1), and along with it the case law interpreting the "excusable neglect" standard, is clearly inapplicable to the present case.

The only rule which would allow enlargement of the time period in which to object under 11 U.S.C. § 727(a) to a debtor's discharge would be Rule 4004(b), which allows extension only if the motion therefor is made before the expiration of the time period. Rule 4007(c) is substantially identical on a complaint to determine dischargeability under 11 U.S.C. § 523.

In *In re Figueroa,* 33 B.R. 298 (Bkrtcy.S. D.N.Y.1983) at page 300, the Court stated: ". . . the new Bankruptcy Rules 4007(c) and 9006(b)(3), however, no longer permit the courts to extend the time to file a § 523(c) complaint after the expiration date. It is clear that by prohibiting that which it formerly permitted, Congress intended to no longer subject the preeminent fresh start policy to the uncertainties of excusable neglect in failing to timely object to discharge of a claim . . .".

"[footnote] 5 . . . thus the interplay between 4007(c) and 9006(b)(3) reveals that unless the motion to extend time for filing a complaint based on § 523(c) of

the Code is made prior to the expiration date, the courts do not have the power to enlarge the time ...".

The only authority that would support the contention that Neiman-Marcus and The Side Door Antiques could be allowed to be included in the discharge objection proceedings would be if they were included as parties in interest in the motion for extension which was timely filed by counsel for Lattimore. Paragraph 4 of the Advisory Committee Note to Rule 4004 provides that "... an extension granted on a motion pursuant to subdivision (b) of the rule would ordinarily benefit only the movant but is scope and effect would depend on the terms of the extension...". In *In re Overmyer*, 24 B.R. 437 (Bkrtcy.S.D.N.Y.1982), the court allowed a creditor which had not timely filed its objection to discharge to piggyback on another creditor's successful motion to extend the time to object to the debtor's discharge. The distinctions between *Overmyer* and the present case, viewed in light of the Advisory Committee's Note to Rule 4004, make the piggyback, or "me too" principle inapplicable to the present facts.

In *Overmyer*, the creditor attempting to piggyback was specifically named in the application and order extending the time periods. See *id.* at 439, n. 2. Additionally, such "piggy-backing" creditor was a wholly owned subsidiary of the initial creditor. The *Overmyer* court cited the Advisory Committee Note and emphasized the fact that the *terms of the extension controlled.* In the present case, the application for extension did not include any names other than the movant therein, *i.e.,* Lou Lattimore, Inc.

Accordingly, Neiman-Marcus and The Side Door Antiques will be denied extensions of time to file complaints to bar the debtor's discharge.