**In re Dennis E. CARLSON.**

**French Kezelis & Kominiarek, P.C., Plaintiffs,**

v.

**Dennis E. Carlson, Defendant.**

**Bankruptcy No. 96 B 09606. Adversary No. 97 A 0008.**

United States Bankruptcy Court, N.D. Illinois, Eastern Division.

Nov. 14, 2000.

Michael R. Webber, Douglas R. Kraus, Chicago, IL, for Plaintiffs.

Dennis E. Carlson, for Defendant.

*MEMORANDUM OPINION ON DENNIS E. CARLSON'S MOTION TO SUPPLEMENT RECORD ON APPEAL*

JACK B. SCHMETTERER, Bankruptcy Judge.

Summary Judgment was granted on Plaintiff's motion, finding a state court

judgment debt of Debtor/defendant Carlson nondischargeable in bankruptcy. He appealed to the District Court, following which District Judge Conlon affirmed judgment entered herein. Mr. Carlson then filed a Notice of Appeal from the District Court judgment to the U.S. Court of Appeals for the Seventh Circuit.

However, almost all of the Record on Appeal ("Record") compiled by our Bankruptcy Court Clerk and transmitted to the District Court Clerk somehow went astray after Judge Conlon completed her work, and the bulk of that Record was not transmitted to the Seventh Circuit Court Clerk.

Mr. Carlson filed a motion in his Seventh Circuit appeal to "supplement" the Record so as to add additional materials and also to extend his time to file his appeal brief and appendix.

On September 12, 2000, Circuit Judge Diane P. Wood entered the following order:

"It is ORDERED that the motion is DENIED without prejudice to renewal in the bankruptcy court in the first instance."

He filed such a motion here and presented it October 4, 2000.

■ Despite pendency of an appeal from the judgment here, this Court has jurisdiction to enter orders pertaining to the appeal record in aid of the appeal process. *International Assoc. of Machinists and Aerospace Workers AFL–CIO v. Eastern Air Lines, Inc.*, 847 F.2d 1014, 1017 (2d Cir.1988); *Metro North State Bank v. Barrick Group, Inc. (In re Barrick Group, Inc.)*, 100 B.R. 152, 154 (Bankr.D.Conn.1989). Moreover, here it is very clear from the order of September 12, 2000 that issues pertaining to the appeal record "supplement" that Mr. Carlson seeks to add are to be addressed here. He filed his motion seeking relief here on September 19, 2000.

Our first step in dealing with the foregoing was to take steps to have staff find those portions of the Record that have not been transmitted to the Circuit. Considerable effort was exerted by this chamber staff and our Clerk's staff in cooperation with the District Court Clerk's office and Judge Conlon's staff toward that end, but in vain. It is therefore necessary to require our Clerk to recreate the Record earlier designated by the appellant and appellee and earlier certified and transmitted by our Clerk to District Court Clerk, and then to transmit the same to the District Circuit Clerk once more for ultimate transmittal to the Seventh Circuit Clerk through normal procedures.

By separate order, those steps have been set in motion. Within the next thirty (30) days, it is expected that delivery to the District Circuit Clerk of the recreated Appeal Record can be accomplished.

■ However, apart from the foregoing, an entirely new issue has been raised by Mr. Carlson's request to "supplement" the Record previously designated and certified to the District Court.

That new issue would relate to activity in Carlson's related Chapter 7 Bankruptcy Case No. 96 B 09606. In that case a "Joint Motion" was filed by counsel for one creditor and asserted to be presented jointly on behalf of another creditor (French, Kezelis & Kominiarek, P.C. that later became plaintiff in this Adversary proceeding). That Motion sought to extend time for the joint movants to file Adversary cases to contest dischargeability of Carlson's debts assertedly due to those creditors. Extension of time was granted to French, Kezelis & Kominiarek, P.C. and also to the other creditor on that motion over Carlson's objection. The extension of time that was granted to French, Kezelis & Kominiarek, P.C. was necessary for it to file timely this Adversary proceeding under authority cited below.

Carlson now wishes to supplement the Record in this Adversary case by adding materials from the related Bankruptcy

case so he can argue in his appeal to the Seventh Circuit something never argued to Judge Conlon, namely:

(1) He seeks to argue that the notice to extend should not have been allowed in favor of French, Kezelis & Kominiarek, P.C. because that creditor's lawyers did not sign the motion when it was presented by counsel for another creditor on their joint behalf;

(2) The failing of this creditor's attorney to sign the motion deprived this court of jurisdiction to hear that motion on its behalf;

(3) Without a proper extension of time for filing, the instant Adversary case was untimely filed and this court and all higher courts lack jurisdiction over it; and

(4) Questions of jurisdiction can be raised by appellants at any time in the appeal process.

The Motion that was granted over Carlson's objection at the time was titled "Joint Application to Enlarge Time to File Complaint for Nondischargeability Pursuant to 11 U.S.C. Section 523(c) and 727". In that "Joint" Motion, French, Kezelis & Kominiarek was listed as a movant. It had authorized the Motion to be presented on its behalf by the attorney who signed it. Because that attorney also represented another creditor in the same Motion, Carlson wants to argue on appeal (as he did at the time) that absence of signature of this creditor's own lawyer on the Motion barred it from being considered. While not spelled out, he appears to contend that since the other creditor was not a "party in interest" for this Motion under Rule 4007(c) Fed.R.Bankr.P., it could not make the Motion on this creditor's behalf. *See* discussion in *In re Overmyer*, 24 B.R. 437 (Bankr.S.D.N.Y.1982) under former version of Rule 4007. However, he missed the point. There was no reason why this creditor could not use another creditor's lawyer to file a motion on behalf of both creditors. Since the creditor was thereby represented, the motion was by it as its own "party in interest."

■ An Adversary proceeding under that part of 11 U.S.C. § 523 asserted by Plaintiff in the case must be filed no later than 60 days after the first date set for the meeting of creditors, Fed.R.Bankr.P. 4007(c), and any motion to extend that time must be filed before that time has expired. Fed.R.Bankr.P. 4007(c). Absent timely filing within the deadline or extended deadline, courts have held that jurisdiction does not lie to consider the Adversary case. *Byrd v. Alton (In re Alton)*, 837 F.2d 457, 459 (11th Cir.1988); *Hsu v. Ginn (In re Ginn)*, 179 B.R. 349, 352 (Bankr. S.D.Ga.1995); *Irving Federal Savings & Loan Assoc. (In re Billings)*, 146 B.R. 431, 436 (Bankr.N.D.Ill.1992).

■ However, the granting of a motion for extension is within the bankruptcy judge's discretion for cause shown, Fed. R.Bankr.P. 4007(c). Furthermore, it is within the court's discretion to entertain an asserted joint motion actually authorized (as here it was) to be presented by another lawyer on behalf of two creditors even though not signed by counsel for one of the movants as long as the party was specifically mentioned in the motion. In cases involving an objection to discharge under Fed.R.Bankr.P. 4004 (but not involving an objection to dischargeability under Fed.R.Bankr.P. 4007 posed in this case), courts have found that a creditor can "piggyback" on a motion for extension filed by another creditor as long as the creditor seeking to "piggyback" was specifically mentioned in the application and order. *See DRMC, Inc. v. McCord (In re McCord)*, 184 B.R. 522 (Bankr.E.D.Mich. 1995). *In re Floyd*, 37 B.R. 890, 893 (Bankr.N.D.Tex.1984). Rules 4004 and 4007 are similar in purpose, and the same principle applies here.

Accordingly, Mr. Carlson essentially seeks to rehash on appeal his objections in the related bankruptcy case to the exercise of this court's discretion in granting the

extension, which he now wishes to argue as a jurisdictional issue. For the following reasons, discretion on his application to "supplement" the Record on Appeal will be exercised here to deny him leave to designate any portion of the bankruptcy case record for inclusion in the Appeal Record herein:

(1) Carlson did not appeal from the orders allowing the extension granted in the Bankruptcy case, and he now seeks to argue a late appeal here from that order entered long ago over his objection in the Bankruptcy case;

(2) Carlson presented no motion in this Adversary case on his present theory to dismiss it for lack of jurisdiction, and he did not show here that he presented the issue in any motion before Judge Conlon. It would be inappropriate for this Court to allow him now to supplement the appeal record so as to argue from a different record before the Seventh Circuit an issue that was not asserted in this Adversary case or before the District Judge who entered the order from which he seeks to appeal;

(3) Carlson's original Designation of Appeal Record sought to include certain items from the Bankruptcy case file in the Appeal Record here so as to argue the issue that he now seeks argument to interject. That original Designation was docketed in this Adversary as Docket No. 111. Upon objection, he was not allowed to include those parts of the bankruptcy case record in this appeal, so he filed a new Designation and then his final Corrected Designation. The Corrected Designation did not include Docket # 111. Had he designated it, that might have allowed him to argue before Judge Conlon his present issue about the extension of time. But he did not do so and did not raise the issue before her.

### *CONCLUSION*

Mr. Carlson's effort to win the case on a new theory on appeal that he seeks to interject after losing in the District Court is belated. Moreover, the issue he seeks now to assert is only an attack on this court's discretion in granting the extension, not truly a jurisdiction issue. Moreover, it is deemed inappropriate for a bankruptcy court judge to allow an appellant to supplement an appeal record to assert a new issue never asserted to the District Court Judge so that he might raise that issue for the first time in the Circuit Court.

WHEREFORE, by separate orders:

A. The Bankruptcy Court Clerk will be required to re-establish the original Record on Appeal; and

B. The motion of Carlson to supplement his original Record on Appeal so as to include parts of the Bankruptcy case record will be denied.