**In re Daniel E. ORTMAN and Evelyn Elaine Ortman, Debtors.**

**UNITED STATES of America, Plaintiff,**

v.

**Daniel E. ORTMAN, Defendant.**

**Bankruptcy No. IP82–1258.**
**Adv. No. 83–1027.**

United States Bankruptcy Court,
S.D. Indiana,
Indianapolis Division.

June 27, 1984.

Michael K. McCrory, Buschmann, Carr & Meyer, Thomas C. Scherer, Bamberger & Feibleman, Indianapolis, Ind., for debtors.

Jeffrey L. Hunter, Office of the U.S. Atty., Indianapolis, Ind., for plaintiff.

### ENTRY

ROBERT L. BAYT, Bankruptcy Judge.

This matter comes before the Court on the Complaint of the plaintiff, the United States of America, objecting to the discharge or to determine dischargeability of debt filed August 26, 1983. On September 26, 1983, the defendant, Daniel E. Ortman, filed a Motion to Dismiss, claiming that the government's objection had not been timely filed. The plaintiff filed its Brief in Opposition to the defendant's motion on March 1, 1984, and the defendant filed a Brief in Support of that motion on March 7, 1984. The Court has reviewed the pleadings and memorandums and now finds that the defendant's Motion to Dismiss the plaintiff's Complaint should be GRANTED.

On or about December 29, 1980, the defendant obtained a farm support loan from the Commodity Credit Corporation, an agency of the United States, in the amount of $268,400.00. The loan was secured by 110,000 bushels of 1980 farm-stored corn.

On March 31, 1982, the defendant and his wife, Evelyn Elaine Ortman, filed a petition for relief under Chapter 11 of the Bankruptcy Code. Following approximately one year of farming operations, the debtors moved to convert their Chapter 11 proceeding to a proceeding under Chapter 7. By order of this Court dated February 10, 1983, the case was converted to Chapter 7, a trustee was appointed and notices were sent to all creditors and parties in interest. The notice forwarded to creditors in connection with the Chapter 7 proceeding fixed April 29, 1983, as the last date for filing objections to discharge or complaints to determine the dischargeability of debt.

By his application of March 24, 1983, the trustee requested that he be granted an additional 60 days in which to determine whether or not any objection to discharge was appropriate in connection with the above-captioned proceeding. This Court, by order dated April 1, 1983, granted the trustee's request and extended the time for the trustee to file any objection to discharge until June 29, 1983. The language of the April 1, 1983, order clearly indicated that the time period for filing objections was extended only as to the court-appointed trustee: "the time for *the Trustee* to file any objection to discharge be and hereby is extended to and including June 29, 1983." (Emphasis added.)

Thereafter, on June 17, 1983, the trustee filed an additional application to extend the time for filing objections to discharge, requesting that the trustee be granted an extension until August 29, 1983, in which to determine whether any objection to discharge should be filed. By order dated June 20, 1983, the trustee was granted the requested extension of time. The language of the June 20, 1983, order did not explicitly refer to an extension of the time in which the trustee could object to discharge.

On August 26, 1983, the United States of America filed a complaint objecting to discharge and seeking a determination of non-dischargeability with respect to the Commodity Credit Corporation loan. Specifically, the government claimed that the defendant knowingly and wilfully defrauded the United States by converting approximately 92,500 bushels of the stored corn securing the indebtedness to the government. On this ground, the United States requested a determination that the defendant's debt is not dischargeable pursuant to 11 U.S.C. § 523(a)(6).

The issue before the Court is whether the objection interposed by the United States on August 26, 1983, was timely. The United States argues that the additional time granted the trustee also extended the filing dates for creditors of the estate. This Court does not agree. The language of the April 1, 1983, order makes clear that the Court was extending the filing deadline only as to the trustee. All other parties not filing objections by April 29, 1983, were thereafter barred from raising such objections. While the June 20, 1983, order did not expressly limit to the trustee the further extension of time, this condition is implied since the trustee was the only remaining party with authority to lodge an objection. In light of the terms of the April 1, 1983, order, this Court does not believe that the United States could reasonably conclude that it was included in the time extension; nor can this Court accept the argument that its order of June 20, 1983, "revived" the power of creditors to object to the defendant's discharge.

Here, the trustee, who represents the creditors, had approximately 7 months to file a complaint objecting to discharge. In the usual case, the time limit is 30 to 60 days for filing a complaint objecting to discharge. At some point in time, proceedings must come to a halt and the debtor be allowed to seek his fresh start. To allow creditors on a one-by-one basis to take advantage of extensions of time to file complaints would make a mockery of the legislative intent to give debtors a fresh start.

For example, under the government's logic, any creditor could request an extension of time just before the expiration of his predecessor's time for filing complaints has run, and be within the law. That is, if Creditor A obtains an extension of time to file a complaint until June 1, 1983, then Creditor B could ask for an additional 30 days on May 31, 1983, to July 1, 1983, and Creditor C who was not a party to either of the previous motions could either file a complaint on or before July 1, 1983, or even file a new motion for extension of time for another 30 days. Conceivably, if there were 100 creditors, this could happen 100 times. Obviously, the Court cannot permit this anomaly.

For the above-stated reasons, the Court concludes that the defendant's Motion to Dismiss as untimely the plaintiff's Complaint Objecting to Discharge or to Determine Dischargeability of Debt should be GRANTED.