In re John VOLLER, Debtor.

GENERAL MOTORS ACCEPTANCE CORPORATION, Plaintiff–Appellant,

v.

John VOLLER, Defendant–Appellee.

Bankruptcy Appeal No. 93–10248–MA.

United States District Court, D. Massachusetts.

April 28, 1993.

**6**

Paul M. Harris, Powers & Hall, Boston, MA, for plaintiff-appellant.

Andrew S. Koczera, Fairbanks & Koczera, New Bedford, MA, for defendant-appellee.

## MEMORANDUM AND ORDER

MAZZONE, District Judge.

This appeal comes before me from an order of the United States Bankruptcy Court, issued on December 30, 1992. The appellant, General Motors Acceptance Corporation ("GMAC"), seeks relief from that order, which denied the appellant's motion for an extension of time to object to the debtor's discharge in bankruptcy.[1] The facts are undisputed. The only question

here is a legal one: whether GMAC's motion for a filing extension was inexcusably late. I review such a question of law, on appeal from the Bankruptcy Court, "de novo." *In re Laroche,* 969 F.2d 1299, 1301 (1st Cir.1992). I provide the following factual survey to put the legal question in context.

GMAC is a creditor of the debtor, John Voller, who is attempting to discharge his debts in a chapter seven bankruptcy proceeding. GMAC alleges that the debtor made false statements to induce the lending company to loan a substantial sum to the debtor for the retail purchase of four boats. GMAC puts the total amount of the debt, including interest, at $766,526.16. According to GMAC, the debtor misrepresented that GMAC's loan would be used to pay off all priority liens on the vessels, that the vessels would be sold retail and that the signatures to the loan were the true signatures of the borrowers. Because of these alleged misrepresentations, GMAC objected to the discharge of the debtor and sought to determine the dischargeability of this debt in an adversary proceeding, pursuant to Rule 7001(4) and (6) of the Rules of Bankruptcy.[2] In filing its adversary proceeding, GMAC alleged, pursuant to § 523(a)(2), (4) and (6) of the Bankruptcy Code, that the debtor was not entitled to a discharge because of these false representations.[3] GMAC also alleged, pursuant to § 727(a)(2), (4) and (5) of the Code, that the debtor's obligations to GMAC should not be discharged because of the debtor's fraud

1. The appellant, alternatively, asks this court to reconsider a separate order of the Bankruptcy Court, issued on November 24, 1992. In that order, the Bankruptcy Court only allowed two other creditors, pursuant to their joint motion, an extension of time to file objections to the debtor's discharge. I do not review that order, because a review of the Bankruptcy Court's December 30, 1992 order, which specifically denied the appellant's request for an extension, is dispositive.

2. Rule 7001 states, in pertinent part: "An adversary proceeding is governed by the rules of this Part VII. It is a proceeding ... (4) to object to or revoke a discharge, ... [or] (6) to determine the dischargeability of a debt...." Bankr.Rules 7001(4), (6), 11 U.S.C.A. (West 1984).

3. Section 523(a) states, in relevant part:

A discharge under section 727 ... of this title does not discharge an individual debtor from any debt ...

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by

(a) false pretenses, a false representation, or actual fraud ...;

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;

... [or]

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity....

*Id.,* 11 U.S.C.A. (West 1993).

and his inability satisfactorily to explain the loss of assets or deficiency of assets.[4]

On September 9, 1992, the Bankruptcy Clerk's office gave written notice to all creditors that the first meeting of creditors would be September 30, 1992. Pursuant to Bankruptcy Rules 4004 and 4007, and as stated in the original notice to creditors, the filing deadline for complaints objecting to the debtor's discharge was November 30, 1992.[5] On November 12, 1992, two creditors, Maryland National Bank and Falmouth National Bank filed a joint motion, requesting that the deadline for filing complaints be extended to December 31, 1992. Their motion requested that the filing deadline be extended "for any creditor." The Bankruptcy Court allowed that motion and extended the deadline to the requested date. Thereafter, the Bankruptcy Clerk's office changed the docket in this matter to reflect the new filing deadline.

On November 18, 1992, GMAC's counsel reviewed the Bankruptcy docket and saw that the deadline for filing objections to discharge was December 31, 1992. Noticing that the deadline had been changed, GMAC's counsel had a paralegal inquire about the reason for the new date. A clerk of the Bankruptcy Court informed the paralegal that the filing deadline for objections had been changed as a result of the joint motion by Maryland National Bank and Falmouth National Bank. GMAC obtained a copy of that joint motion to verify that it applied to all parties. After making these inquiries, GMAC's counsel concluded that it did apply to all parties and that

GMAC had until December 31, 1992 to file a complaint opposing the debtor's discharge.

On November 23, 1992, the debtor filed an objection to the joint motion by Maryland National Bank and Falmouth National Bank to extend the filing deadline. The debtor did not give notice to any other creditors of his objection to the extension. On November 24, 1992, the Bankruptcy Court treated the debtor's objection as a motion for reconsideration and allowed the motion in so far as it restricted the December 31st filing extension to the two moving creditors, Maryland National Bank and Falmouth National Bank. Pursuant to the Bankruptcy Court's order, all other parties, including GMAC, had to file by the original deadline, November 30, 1992. The Bankruptcy Court did not give notice of this order to GMAC. Moreover, the docket for the case continued to list the filing deadline for objections to discharge as December 31, 1992. It was not until December 17, 1992 that the docket was changed to reflect the correct, November 30, 1992, deadline.

GMAC first received notice of the revised filing deadline on December 11, 1992 during a conversation between GMAC's counsel and counsel for Maryland National Bank. GMAC responded promptly and, on December 16, 1992, filed a motion for leave to enlarge the time to file its discharge objections to December 31, 1992. The Bankruptcy Court, however, denied GMAC's motion on December 30, 1992, stating that GMAC "failed to show excusable neglect" in not meeting the November

---

4. Section 727(a) states, in relevant part:
The court shall grant the debtor a discharge, unless—
  (2) the debtor, with intent to hinder, delay, or defraud a creditor ..., has transferred, removed, destroyed, mutilated, or concealed ...
    (A) property of the debtor ...; or
    (B) property of the estate ...;
  (4) the debtor knowingly and fraudulently, in or in connection with the case
    (A) made a false oath or account;
    (B) presented or used a false claim; ...
[or]
  (5) the debtor has failed to explain satisfactorily ... any loss of assets or deficiency of assets to meet the debtor's liabilities....

*Id.,* 11 U.S.C.A. (West Supp.1993).

5. Bankruptcy Rule 4004(a) states: "In a chapter 7 liquidation case a complaint objecting to the debtor's discharge under § 727(a) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors...." *Id.,* 11 U.S.C.A. (West Supp.1993).

  Rule 4007(c) states: "A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors...." *Id.,* 11 U.S.C.A. (West Supp.1993).

30th deadline. With these facts in mind, I turn to the legal consideration of whether the Bankruptcy Court should have disallowed GMAC's motion for a filing extension.

 On several grounds, I find that GMAC's motion for an extension was filed in a timely manner and that GMAC was neither negligent, nor in error for filing its motion on December 17, 1992. First, GMAC was entitled to notice of the revised deadline, which it never received. Bankruptcy Rule 2002(f) requires the Bankruptcy Clerk to give notice to all creditors of the deadline for filing objections to a debtor's discharge. *Id.*, 11 U.S.C.A. (West Supp.1993). The Local Rules of the Bankruptcy Court for the District of Massachusetts also contain such a notice requirement. Local Rule 24(A)(6) and (7) (West 1992). Accordingly, in keeping with these rules, once the Bankruptcy Court amended the filing deadline to November 30, 1992 from December 31, 1992, it should have promptly provided GMAC with notice of the new date. However, no notice was sent to GMAC.[6]

To abandon the notice requirement and shift the obligation onto creditors for discovering filing deadlines puts an almost impossible burden on creditors constantly to monitor bankruptcy court proceedings. There is no wisdom or legal support for such a practice. I find that the Bankruptcy Court committed error in pursuing it, whether consciously or not.

**6.** The debtor contends in his opposition brief that the deadline for GMAC to object to discharge was always November 30, 1992. The debtor argues, therefore, that GMAC was never entitled to notice either that the filing deadline was revised to December 31, 1992 or that it was revised back again to November 30th with respect to GMAC and the other non-moving creditors. The basis for the debtor's position is his suggestion that Bankruptcy Rule 4004(b) requires each creditor to file an extension to object to a debtor's discharge if a creditor wants such an extension. Conversely, the debtor suggests that Rule 4004(b) does not allow one party to move for an extension on behalf of other interested parties, as Maryland National Bank and Falmouth National Bank did.

In addition, pursuant to Bankruptcy Rule 5003(a), the Bankruptcy Clerk is obligated to keep an official docket in each case, entering all orders and activities in the case on that docket. *Id.*, 11 U.S.C.A. (West Supp.1993). In this case, even after the Bankruptcy Court revised the filing deadline to November 30, 1992, the docket continued to reflect the previous deadline of December 31st until as late as December 17, 1992. GMAC relied on the docket information, and it seems only natural that it did since there was no reason for GMAC to question its validity or currency. To fault GMAC, because it missed a deadline that was not even noted on the docket until after the deadline itself passed, would be completely incongruous. I find that, in the absence of superseding, reliable information, parties to a bankruptcy have a legal right to rely on the docket as the official record of the case. In the present case, therefore, it was error for the Bankruptcy Court not to allow GMAC the extension it sought. For these reasons, the Bankruptcy Court's order of December 30, 1992, denying the appellant's motion for an extension to file objections to the debtor's discharge, is reversed. I remand the case to the Bankruptcy Court for further action consistent with this opinion.

SO ORDERED.

I reject that position. There is nothing in the language of Rule 4004(b) or Rule 4007(c) that implies that each interested party must file a motion for an extension to object to discharge. On the contrary, Rule 4004(b) and 4007(c) both state that "any party in interest" may file a motion for such an extension. Bankr.Rules 4004(b), 4007(c), 11 U.S.C.A. (West Supp.1993). The language of the Rules simply does not support the debtor's constrained interpretation. I find that a party moving for an extension to object to discharge may move on behalf of others, as the two moving parties did in this case. Therefore, once the first motion for an extension was allowed, which moved the filing deadline to December 31, 1992, GMAC was thereafter entitled to notice of any subsequent order affecting that date.