### In re Keith and Karen McCORD, Debtors.

### DRMC, INC., Plaintiff,

### v.

### Keith and Karen McCORD, Defendants.

Bankruptcy No. 94–50358–R.
Adv. No. 95–4155–R.

United States Bankruptcy Court,
E.D. Michigan,
Southern Division.

July 31, 1995.

Allen J. Lippitt, Riley and Roumell, P.C., Detroit, MI, for plaintiff.

Kurt Thornbladh, Detroit, MI, for defendants.

## SUPPLEMENTAL OPINION

STEVEN W. RHODES, Chief Judge.

This matter is before the Court for a determination of whether an extension of time to file a complaint objecting to discharge applies to all parties. Following oral argument, the Court determined that the extension applied only to the movant, the trustee. This opinion supplements an opinion given in open court on May 30, 1995.

### I.

The debtors filed their chapter 7 petition on October 7, 1994. The bar date for filing objections to discharge was originally set for January 22, 1995. On December 20, 1994, the trustee filed an application to extend the deadline to March 23, 1995. The extension was granted by an order of the Court dated January 17, 1995. The plaintiff, DRMC, Inc., filed the present adversary complaint objecting to the discharge on February 23, 1995.

The debtors moved to dismiss, arguing that the extension to file objections to discharge did not apply to all parties, only the trustee. They maintain that the plaintiff was bound by the original bar date of January 22, 1995. Because the present complaint was filed after that date, the debtors contend that the complaint should be dismissed as untimely.

The plaintiff contends that the extension of the bar date was intended to apply to all creditors. The plaintiff argues that the reason for the extension was that the trustee had not yet completed the 2004 examination. This affected all creditors, especially the plaintiff, who was present at the 2004 exam. The plaintiff points to the language of the order which does not specifically limit the extension to the trustee. The plaintiff also submitted an affidavit from George Dakmak, the trustee, stating that his motion for an extension to file objections to discharge was sought for the benefit of all interested parties, including all creditors.

### II.

Bankruptcy Rule 4004(b) provides in pertinent part: "On motion of any party in interest, after hearing on notice, the court may extend for cause the time for filing a complaint objecting to discharge." The Advisory Committee Note to Rule 4004 further states that "[a]n extension granted pursuant to subsection (b) would ordinarily benefit only the movant, but its scope and effect would depend on the terms of the extension."

In this case, the trustee requested the extension because he was in the process of conducting the 2004 exam and wanted an opportunity to complete the exam and then determine whether any complaints were warranted. The application of the trustee states in pertinent part:

3. At the current time the Trustee is conducting a 2004 examination concerning the value of certain assets which form a part of the Debtors' bankruptcy estate. The 2004 examination is ongoing and has not yet been concluded.

4. The last day to file complaints objecting to the Debtors' discharge has been set for January 22, 1995. The Trustee wishes an extension of time in order to conduct a 2004 examination of the Debtor and then determine whether any such complaints and/or objections are warranted.

The trustee's application does not seek an extension for the benefit of any party other than the trustee. The order granting the extension, which was prepared by the trustee, simply states that March 23, 1995, shall be set as the last day for filing objections to dischargeability.

Both parties rely on the general language of the order to argue that it favors their respective positions. The plaintiff contends that because the order does not state that it applies only to the trustee, it should apply to all creditors. The debtors contend that because the order is granting the trustee's application and does not refer to other creditors, it should apply only to the trustee.

■ Following the rule that an extension ordinarily applies only to the movant, and because there are no circumstances that would warrant a different holding, the Court finds that the extension applied only to the trustee and that the plaintiff's complaint was therefore untimely.

This holding is supported by the majority of the cases addressing the issue. In *In re Floyd*, 37 B.R. 890, 893 (Bankr.N.D.Tex. 1984), the court, citing the language of the Advisory Committee Note, held that creditors could not "piggyback" on a motion for extension filed by another creditor where the application for the extension did not include the names of any creditors other than the one requesting the extension. The court noted *In re Overmyer*, 24 B.R. 437 (Bankr. S.D.N.Y.1982), which allowed a creditor to piggyback on another creditor's successful motion to extend time to object to discharge. However, *Floyd* found *Overmyer* distinguishable because the creditor attempting to piggyback in *Overmyer* was specifically mentioned in the application and order. Furthermore, the creditor was a wholly owned subsidiary of the creditor who filed for the extension. Moreover, the court in *Overmyer* cited the Advisory Committee Note and emphasized that the terms of the extension controlled. *Id.* at 439.

In *In re Ortman*, 51 B.R. 7 (Bankr. S.D.Ind.1984), the court held that the extension to file a complaint applied only to the trustee because the language of the order clearly indicated that it applied only to the trustee. The court further stated that "[a]t some point in time, proceedings must come to a halt and the debtor be allowed to seek his fresh start. To allow creditors on a one-by-one basis to take advantage of the extensions of time to file complaints would make a mockery of the legislative intent to give debtors a fresh start." *Id.* at 8.

In the present case, the order does not specifically limit the extension to the trustee, nor does it specifically include other creditors. Regardless, the circumstances of the request for extension do not support a finding that the extension applied to all creditors. The trustee was in the midst of the 2004 exam and requested the extension so that he could complete the exam and determine if a complaint was warranted.

The plaintiff cites *In re Voller*, 154 B.R. 5 (D.Mass.1993), in support of its position. There, two creditors filed a motion for an extension to file a complaint objecting to the discharge. The motion requested that the filing deadline be extended "for any creditor." The court rejected the debtor's argument that Rule 4004(b) does not allow one party to move for an extension on behalf of other interested parties. The court stated that there was nothing in the language of Rule 4004(b) that implies that each interested party must file a motion for an extension. *Id.* at 8 n. 6. That case, however, does not support the plaintiff's position. While it is correct that there is nothing in Rule 4004(b) that requires each interested party to file a motion for an extension, there is also nothing in the language of Rule 4004(b) indicating

that an extension benefits any party other than the movant.

The plaintiff further relies on the affidavit of George Dakmak, the trustee, in which he states that he applied for the extension for the benefit of all creditors. However, this assertion must be rejected because the original application and order granting the extension did not mention other creditors. Moreover, the plaintiff cannot rely on the trustee's assurances that the extension applied to it as well. *In re Gallagher,* 70 B.R. 288, 290 (Bankr.S.D.Tex.1987) ("While [the creditor] says he relied on the Trustee's assurances to his detriment, this is not sufficient cause to ignore the purpose and language of B.R. 4004(b).").

█ Ultimately, the Court must conclude that as a matter of due process, the debtor is entitled to notice of the parties for whose benefit the extension is sought, so that the debtor can properly decide what position to take on the request as to each such party.

Because the circumstances of this case do not warrant a finding that the extension was intended to apply to all creditors, the Court finds that the extension applied only to the trustee. Accordingly, the plaintiff's complaint is dismissed as untimely.