**In re Connie Ann COOPER, Debtor.**

**United States Trustee, Plaintiff,**

v.

**Connie Ann Cooper, Defendant.**

**Bankruptcy No. 03–00235–C.**
**Adversary No. 03–9166–C.**

United States Bankruptcy Court,
N.D. Iowa.

Nov. 21, 2003.

Michael P. Mallaney, Des Moines, IA, for Debtor.

Randy Seaver, Burnsville, MN, Thomas G. McCuskey, Cedar Rapids, IA, for Trustee.

### ORDER RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

PAUL J. KILBURG, Chief Judge.

This matter came on for telephonic hearing on November 5, 2003 on Defendant's Motion for Summary Judgment. Defendant/Debtor Connie Ann Cooper was represented by Attorney Michael Mallaney. Plaintiff U.S. Trustee Habbo G. Fokkena was represented by Attorney John Schmillen. After hearing oral argument, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

### STATEMENT OF THE CASE

Debtor seeks to have the U.S. Trustee's Objection to Discharge dismissed on the grounds that the complaint was not timely filed.

### FINDINGS OF FACT

On October 11, 2002, an involuntary Chapter 7 petition was filed in the Northern District of Iowa naming Debtor's husband, Vernon Cooper, as the debtor. Debtor Connie Ann Cooper initiated her own bankruptcy case by filing for relief under Chapter 7 of the Code in the District of Minnesota on November 18, 2002. After being administered in Minnesota for a brief period, Debtor's case was transferred to the Northern District of Iowa. Soon after the transfer to Iowa, the Chapter 7 Trustee submitted an application to the Court asking that the two cases be

consolidated and that the dates of meetings and deadlines be uniform in order to improve the ease and efficiency of administering both cases.

The Chapter 7 Trustee's application to consolidate was granted in part and denied in part in *In re Cooper*, No. 02–03566, No. 03–00235, slip op. at 5–6, 2003 WL 1965711 (Bankr.N.D.Iowa Apr. 7, 2003). Several of the deadlines remained unchanged due to the Trustee's lack of standing to request such changes. *Id.* at 5. This Court, however, did grant the Chapter 7 Trustee's request to set a uniform deadline to object to discharge under § 727. *Id.* at 6. The Court stated:

> In reviewing this matter, the Court finds that because of the transfer of the case from initial administration in Minnesota to the Iowa Bankruptcy Court, sufficient equitable grounds exist to extend the deadline for objecting to discharge under § 727 for the brief period of time necessary to make it consistent with the deadline previously set in the case of Vernon Cooper.

*Id.* at 4.

After transfer from Minnesota, the first § 341 meeting of creditors in Connie Ann Cooper's case was set for March 3, 2003. The original deadline for creditors to object to the discharge was May 2, 2003, which is 60 days after the & sect;341 meeting. In the April 7, 2003 order, the Court extended the deadline to file such objections to May 19, 2003, which was also the deadline in the Vernon Cooper case. Neither the Chapter 7 Trustee's Motion for Extension of Time nor the Order granting it refer to any other parties of interest nor do they specifically limit the grant of the extension of time to only the Chapter 7 Trustee.

On May 12, 2003, the Chapter 7 Trustee filed a second Motion to Extend Time Within Which to Object to Discharge. This Motion was granted on May 19, 2003, extending the deadline to file an objection to the discharge to July 30, 2003. The May 12 motion was submitted by the Chapter 7 Trustee on behalf of herself and the U.S. Trustee. The order granting the second motion stated, "The deadline for Trustee and/or the office of the U.S. Trustee to object to discharge of Debtors is extended to July 30, 2003." Unlike the first order granting an extension of time to file objections, this order includes the U.S. Trustee in the grant of extension of time.

The U.S. Trustee filed the Objection to Discharge Under 11 U.S.C. Section 727(a) on July 25, 2003. This objection was submitted in response to the U.S. Trustee's receipt of Vernon Cooper's amended inventory list, which was filed on June 6, 2003. According to the U.S. Trustee, comparing Vernon Cooper's amended inventory list with Debtor's scheduled assets suggests that Debtor failed to accurately report her interest in some assets.

Debtor asserts that the first extension, granted on April 7, applied only to the Chapter 7 Trustee and the deadline for objecting to the discharge remained set at May 2, 2003 for all other parties. She contends that because the U.S. Trustee's right to file an objection or request an extension expired on May 2, the second extension is void to the extent it applies to the U.S. Trustee. The second extension was granted based on a motion filed on May 12, ten days after the time expired for filing such motions. Debtor argues the U.S. Trustee's complaint should be dismissed because the motion for an extension was untimely.

## CONCLUSIONS OF LAW

Federal Rules of Bankruptcy Procedure designate the time in which an interested party may object to a debtor's discharge.

"In a chapter 7 liquidation case a complaint objecting to the debtor's discharge under § 727(a) of the Code shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)." Fed. R. Bankr.P. 4004(a). The first meeting of creditors was set for March 3, 2003. Under Rule 4004(a), May 2, 2003 was the last day for a party to object to discharge.

█ Rule 4004(b) states, "On motion of any party in interest, after hearing on notice, the court may for cause extend the time to file a complaint objecting to discharge. The motion shall be filed before the time has expired." Fed. R. Bankr.P. 4004(b). It is a well settled rule of law within the Eighth Circuit that the time requirements stated in Rule 4004 are akin to statutes of limitations and strictly construed. *In re Harbaugh,* 301 B.R. 317, 319–20 (8th Cir. BAP 2003); *In re Bozeman,* 226 B.R. 627, 630 (8th Cir. BAP 1998). It is undisputed in this case that the Chapter 7 Trustee's first motion to extend time to file an objection was timely. Likewise, the second motion for an extension was filed prior to the expiration of the first extended deadline.

█ Whether the extension to file an objection under Rule 4004(b) applies to only the movant or to other interested parties appears to be an open question of law within the Eighth Circuit. The language of Rule 4004(b) itself provides little guidance in answering this question. The Advisory Committee Note to Rule 4004 states, however, "An extension granted on a motion pursuant to subdivision (b) of the rule would ordinarily benefit only the movant, but its scope and effect would depend on the terms of the extension."

Courts in other jurisdictions have consistently held than an extension of time under Rule 4004(b) only applies to the moving party. *In re McCord,* 184 B.R. 522, 525

(Bankr.E.D.Mich.1995) (stating extension order applies only to trustee, despite trustee's assurances to plaintiff it applied to all creditors); *In re Ortman,* 51 B.R. 7, 8 (Bankr.S.D.Ind.1984) (concluding extension order applied only to trustee); *In re Floyd,* 37 B.R. 890, 893 (Bankr.N.D.Tex. 1984) (finding creditor not allowed to "piggy-back" on another creditor's application for extension). The court in *McCord* explains that an order granting an extension under Rule 4004(b) shall apply only to the movant unless the terms of the extension convey a contrary intent. *McCord,* 184 B.R. at 525.

This Court's April 7 order granted the Chapter 7 Trustee's first motion for extension of the deadline. The order makes no mention of the U.S. Trustee or any other creditor in the clause extending the bar date to May 19, 2003. The Chapter 7 Trustee's initial motion for extension likewise makes no mention of other interested parties.

The Court believes the language used in the order expresses this Court's intent to set uniform deadlines in both bankruptcy cases. Uniform deadlines were set for the sake of efficiency and to prevent prejudice against parties who may inadvertently rely on a wrong deadline. The April 7 order was intended to reduce the complexity and confusion associated with both Cooper cases. The U.S. Trustee has produced an affidavit of Thomas McCuskey, the attorney for the Chapter 7 Trustee who filed the motion for extension. He maintains he also had the intent to include all interested parties in the request for extension of the § 727(a) deadline.

Debtor argues that such intent is not evident in the language of order. She asserts that the benefit of her bankruptcy discharge should not be placed in jeopardy based on the Court's or the Trustee's

unexpressed intent that a party other than the Chapter 7 Trustee could file an untimely action objecting to the discharge. The Court feels this argument has significant merit in most circumstances. In this case, however, the relationship between the Chapter 7 Trustee and the U.S. Trustee undermines its validity.

 Both the U.S. Trustee and the Chapter 7 trustee have a statutorily imposed duty to object to discharge if a discharge are unwarranted. In *In re Parker*, 186 B.R. 208, 210 (Bankr.E.D.Va. 1995), the court was faced with an identical situation. The chapter 7 trustee had timely received an extension of the § 727(a) deadline, but the U.S. Trustee's motion was filed after the deadline. *Id.* at 209. The court considered the comity of interest possessed by the U.S. Trustee and the chapter 7 trustee and the U.S. Trustee's statutory duties, including its supervisory authority under 28 U.S.C. § 586. *Id.* It also relied on 11 U.S.C. § 307 which gives the U.S. Trustee sweeping authorization to appear and be heard in all facets of bankruptcy cases. *Id.* at 211. The court concluded:

> ... I find that the interests of the trustees are identical in this action, and it is appropriate to allow the United States Trustee an extension to file a complaint objecting to discharge.
>
> ... Because the movants are, in essence, the same entity, the United States Trustee may utilize the chapter 7 trustee's extension.

*Id.* at 210–11.

## CONCLUSION

The Court is mindful of the law preventing interested parties from "piggybacking" onto a timely motion for an extension filed by another party. In this case, however, the Chapter 7 Trustee and the U.S. Trustee have a unity of interests and identity which is not present between case trustees and other interested parties or creditors. Debtor was on notice that the Chapter 7 Trustee contemplated filing an objection to discharge and had received extensions of the deadline. The fact that the U.S. Trustee rather than the Chapter 7 Trustee filed the action objecting to discharge does not inappropriately jeopardize Debtor's discharge. The Court finds that the U.S. Trustee is entitled to the benefit of the Chapter 7 Trustee's extended deadline to object to discharge. Debtor's Motion for Summary Judgment seeking to dismiss this action as untimely should be denied.

**WHEREFORE,** Debtor's Motion for Summary Judgment is DENIED.